EDWARD DAVIS *v.* CATHERINE VANARSDALE ET AL.

1. ASSESSMENT. *Approval.*

   A land assessment roll, which was presented by the assessor to the board of supervisors at its June term, 1875, and ordered to be " received and filed," was not approved expressly or by implication, if no further notice of it was taken.

2. SAME. *Curative statute.*

   Such roll, which was not returned within the time required by the Act of March 6, 1875 (Acts 1875, p. 50), is not embraced by the Act of July 31, 1875 (Acts of Special Session, p. 10), legalizing the return of assessment rolls, because it was not approved or acted on as prescribed by this statute.

3. SAME. *Tax title. Defences.*

   Under § 42, Acts 1878, pp. 47, 48 (§ 10, Acts 1877, p. 10), which provides that no tax title shall be invalidated except by proof of payment or tender of the legal taxes, the collector's conveyance may be defeated by showing that the assessment roll was never acted on by the board of supervisors.

APPEAL from the Chancery Court of Leake County.

Hon. T. B. GRAHAM, Chancellor.

The appellant filed this bill to confirm a conveyance made to him on March 3, 1879, by the collector under his purchase at a sale for the taxes of 1878 of land which an appellee had sold to another on credit. The appellees answered that there was no approval of the land assessment roll of Leake County, in 1875, under which the sale took place. Exceptions of the appellant to this answer were overruled, and it being agreed that the only reference to the assessment at any term by the minutes of the board of supervisors was an order at the June term, 1875, " that the assessment rolls this day presented by W. R. Eran, tax assessor, be received and filed," the Chancellor refused to confirm the tax title, but permitted an amend-

ment of the bill to secure the taxes paid by the appellant to the collector, by a lien upon the land.

*Raymond Reid*, for the appellant.

The statute under which the land was sold provides that no tax sale shall be invalidated except by proof of the tender of legal taxes. Acts 1878, pp. 47, 48. Under this law the defence set up in the answer is not available. *Greene* v. *Williams*, 58 Miss. 752. But, if admissible, the alleged defect in the assessment roll is not proved. The roll was received by the board of supervisors and filed, and the subsequent proceedings were a substantial compliance with the law governing the subject. Acts 1875, p. 50. Approval of an assessment roll need not be express ; and it is implied from the fact that this roll was acted on by the officials. There is no proof that it was not approved, and the presumption is that it was. *Omnia, præsumuntur rite esse acta.* Acts 1878, p. 38. From the deed it is inferable that the sale is valid. *Bell* v. *Gordon,* 55 Miss. 45.

*J. W. Downs*, for the appellees.

The assessment roll was never approved by the board of supervisors, and this is fatal to the sale which took place under it. *Virden* v. *Bowers,* 55 Miss. 1 ; *Stovall* v. *Connor,* 58 Miss. 138. No citizen can be deprived of his property without due process of law. Notice is essential to every judgment. An execution sale without a summons is not more illegal than a sale for taxes without an assessment roll.

*O. A. Luckett, Jr.,* on the same side.

Failure to approve the assessment roll makes the tax title void. Code 1871, §§ 1685, 1687, 1689 ; *Belcher* v. *Mhoon,* 47 Miss. 613 ; *Griffin* v. *Dogan,* 48 Miss. 11 ; *Meeks* v. *Whatley,* 48 Miss. 337 ; *Virden* v. *Bowers,* 55 Miss. 1 ; *Gamble* v. *Witty,* 55 Miss. 26. If the Act of 1878 precluded this defence, it would be unconstitutional. Judgment without notice is void. Legislative power is so limited that jurisdiction of the person cannot be dispensed with. *Jack* v. *Thompson,* 41 Miss. 49. Approval of the assessment roll, after the tax payers have opportunity to file their exceptions, must be shown by the minutes of the board of supervisors. Code 1871, §§ 1684, 1685. Approval at the June term would be void, and no sub-

sequent action of the board is shown.  Until the assessment was approved no taxes were due.  There was no judgment, and the sale was void.  *Stovall* v. *Connor*, 58 Miss. 138 ; *Harris* v. *Stockett*, 58 Miss. 825.

CAMPBELL, J., delivered the opinion of the court.

The assessment roll was presented by the assessor to the board of supervisors at its June term, 1875, and was ordered by said board to be "received and filed," and no other action was ever had by the board of supervisors with reference to said roll, or any mention made of it by said board or notice of it taken.  It was not approved by the board of supervisors expressly or by implication.  It was not returned to the clerk of the board of supervisors " on or before the first day of June," as required by the act, approved March 6, 1875.  Acts 1875, p. 50.  It was not embraced by the act legalizing the return of assessment rolls, approved July 31, 1875 (Acts of Special Session, p. 10), because it had not been "approved" by the board of supervisors, and was not afterwards acted upon by the board of supervisors, as provided for by the act cited. The law required the delivery of the assessment roll to the clerk of the board of supervisors, and the action of the board of supervisors on the roll, after which it was to be final and conclusive as to the assessments contained therein.

It was not the purpose of the legislature, in declaring the effect of a conveyance of land sold for taxes, in § 42 of " An Act in relation to Public Revenue," approved March 5, 1878 (Acts 1878, p. 23), to preclude inquiry as to the assessment.  There must be an ascertainment of the value of property, as directed by law.  The Constitution requires this. Art. XII. § 20.  It is left to the legislature to prescribe the mode of doing this.  The law directed the making of the assessment by the assessor, and the delivery of the assessment roll to the clerk of the board of supervisors by the assessor at a time named, and the action of the board of supervisors upon it.  This was the means of fixing a charge on property, and it is not to be assumed, in the absence of a plain declaration to that effect, that the legislature intended to dispense with any of its requirements for fixing a charge on property.  Taxes

must be due and unpaid to authorize a sale of property to pay them. They become due only in the mode prescribed by law. The control of the mode is with the legislature, but as it has directed certain things to be done in the proceeding to charge property with taxes, compliance is necessary, except wherein the legislature has relieved from the necessity of it. We have already said that the legislature did not intend by its declaration as to the effect of a conveyance of land sold for taxes, to validate a sale for taxes not legally due, and did not deny all inquiry on that question ; and, as the assessment roll of lands by virtue of which the sale involved in this controversy was made was not dealt with as the law required, the land was not legally assessed, and taxes were not due on it, and the sale conferred no title.

The language of § 42 of the act in relation to public revenue, approved March 5, 1878 (Acts 1878, pp. 23–83), as to the effect of a conveyance, is the same as that used as to the same matter by § 10 of "An Act in relation to Public Revenue, and for other Purposes," approved Feb. 1, 1877 (Acts 1877, p. 2) ; and in *Greene* v. *Williams*, 58 Miss. 752, we held that its effect was to make the conveyance *prima facie* evidence of title, subject to be assailed by evidence of payment or tender of taxes due before sale, or of what is made by the Constitution ground for such assailment. The precise question then before us was whether the conveyance was *prima facie* evidence of a perfect title, and it was decided that it was. The exact question now before us is whether the conveyance may be invalidated by proof that the assessment roll of land was never acted on by the board of supervisors in any manner, and we answer that question in the affirmative.

There is no error in the decree of which the appellant can complain, and it is                    *Affirmed.*