## J. L. FLETCHER v. L. L. TREWALLA.

TAXES. *Assessment. Void because not filed in time. Sale of assessor's own land. Estoppel.*

The failure of an assessor to deliver his assessment of lands to the clerk of the Board of Supervisors on the first Monday of July, 1879, as required by the Revenue Act of 1878, rendered such assessment invalid and incapable of supporting a sale of land for taxes, even though the land sold belonged to the derelict assessor himself, and notwithstanding he may have been present when the assessment-roll was approved and made no objection to the approval thereof.

APPEAL from the Circuit Court of Tallahatchie County.

Hon. A. T. ROANE, Judge.

On the 27th of May, 1881, J. L. Fletcher brought this action of ejectment to recover of H. S. Trewalla, possession of certain lots of land lying in the town of Charleston, in Tallahatchie county. The lots were sold to the State on the first day of March, 1880, for the delinquent taxes of 1879 ; and on the 19th of March, 1881, they were purchased from the State by the plaintiff.

The case was, by agreement of the parties, tried by the judge of the lower court. The proof showed that the roll of assessments of land in Tallahatchie county for the year 1879 was not completed and delivered to the Board of Supervisors until the first Monday and fourth day of August, 1879, instead of on the first Monday of July, as required by sect. 26 of the Revenue Act of 1878. The defendant, Trewalla, was at that time assessor of the county, and the assessment was made by him. He testified that he was present when the Board of Supervisors; on the 5th of August, 1879, approved the assessment-roll, and he made no objection to the approval thereof. A judgment was rendered for the defendant and the plaintiff appealed.

*Bailey & Bailey*, for the appellant.

We fully recognize the rule of law as expounded by this court in several cases, that sect. 26 of the Act of 1878, requir-

ing the return of assessments on the first Monday of July is mandatory, yet we maintain that upon well recognized principles of law and right this assessment is good, valid, binding, and effectual upon the appellee in this cause. That every litigant must come into court with clean hands, that no one shall be permitted to take advantage of or derive benefit from his own wrong, are among the oldest maxims of the law, and too well recognized to require citation of authorities. And that the party so seeking to take advantage of his own wrong was, at the time the wrong was committed by him, a public officer, acting as such in an official capacity, instead of relaxing the application of the rules of right above alluded to, but renders the necessity for their strict enforcement and application the greater. The appellee is estopped to take advantage of his neglect in not returning his assessment in due time, and especially when he stood by and heard the roll approved without objection. Shear. & Redf. on Neg., sects. 170, 537 ; 50 Miss. 688 ; 51 Miss. 79 ; 53 Miss. 615 ; 56 Miss. 283 ; 13 Wall. 61 ; Whart. on Neg. 290 ; 5 Pick. 193 ; 3 Greenl. on Ev. 290 ; 31 Iowa, 356 ; 85 Pa. St. 412 ; Blackwell on Tax Tit. 117, 121, 340 ; 55 Miss. 1 ; 5 Pick. 498 ; 59 Miss. 5.

*W. S. Eskridge*, for the appellee.

Sect. 26, Acts 1878, p. 37, directs that the assessor shall complete and certify his assessment-rolls with an affidavit appended, etc., and deliver same to the clerk of the Board of Supervisors on or before the first Monday of July, in each year, where the same shall remain until the first Monday in the year following. This direction is mandatory and if not complied with strictly the assessment is void, and any sale of land under it is void. See *Hopkins* v. *Sandridge*, 2 Geo. 668 ; *Huntington* v. *Brantley*, 3 Geo. 451 ; *Stovall* v. *Conner*, 58 Miss. 138 ; *Davis* v. *Vanarsdale*, 59 Miss. 367 ; Cooley on Tax. 216, 217, 218, and note 2, p. 216, also pp. 323, 224 ; Blackwell on Tax Tit. 106, 119, 120, 121. The appellee is not estopped from pleading the invalidity of the assessment. One who holds and discharges the duties of a public office does not

thereby on failure to discharge them according to law any more hazard or forfeit his private property as a penalty than any other citizen, nor does he thereby place himself, with reference to his private property, beyond the defence that may be set up by any other citizen under like circumstances.

CAMPBELL, C. J., delivered the opinion of the court.

According to *Davis* v. *Vanarsdale* (59 Miss. 367), the failure to deliver the assessment-roll to the clerk of the Chancery Court by the time prescribed by law was not cured by any of the provisions of the act of 1878, in relation to public revenue, and we do not know of any principle on which we can hold that the assessment was valid as to the person who was the assessor, and invalid as to the others. There seems to be no moral objection to such a result in this case, but it would not consist with the doctrine applicable to the assessment and collection of taxes, which requires their legal assessment, and does not dispense with this because of the fault of the owner of the land.

Judgment affirmed.