## J. T. GRIFFIN v. EMMA ELLIS.

TAX SALE. *Land, how sold. Section 521, Code of 1880, applied. Section 525, Code of 1880, considered. Case in judgment.*

A tax collector in selling a one hundred acre tract of land for unpaid taxes first offered forty acres, then another forty acres, then the remaining twenty acres, without receiving any bid. He then offered the whole tract, which was bid in by G. *Held*, that under § 521, Code of 1880, which provides that the tax collector "shall first offer forty acres, and if the first parcel so offered does not produce the amount due, then he shall add another similar subdivision, and so on until the requisite amount is produced," this sale is void, notwithstanding the provision of § 525, Code of 1880, which in effect declares that no defense shall avail against a title acquired at a sale for taxes, unless it be shown that the taxes for which the sale was made had been paid before the sale.

APPEAL from the Chancery Court of Chickasaw County.

HON. BAXTER MCFARLAND, Chancellor.

Mrs. Emma Ellis brought this bill in the Chancery Court of Chickasaw County against J. T. Griffin, to have cancelled a tax-deed held by the latter to certain land which is the subject of dispute.

The land, which belonged to Mrs. Ellis, was sold for the unpaid taxes of 1881, under the assessment of 1879. The tract consisted of one hundred acres. The tax collector, in making the sale, first offered forty acres, and received no bid. He offered another forty acres, and received no bid. He then offered the remaining twenty acres, and still received no bid, when he offered the whole tract of one hundred acres, and it was bought by J. T. Griffin.

The complainant contended that this sale was void because not made in accordance with the provisions of § 521, Code of 1880. The Chancellor found for the complainant, and ordered the tax-deed cancelled. The defendant appealed.

*W. P. & J. B. Harris*, for the appellant.

We have searched the authorities in this State and have failed to find a case declaring a sale made in the manner pursued in the case at bar to be void. The cases cited by counsel certainly do not support his assertion that this court has condemned such sales.

It will be borne in mind that the tract to be sold embraced only one hundred acres. This was incapable of division into eighths, or forty-acre tracts. The collector offered forty acres and obtained no bid, he then offered another forty with like result, he offered twenty with the same result; he then offered one hundred acres, the entire tract, and sold it. Counsel insists that he should have offered forty, then eighty. We insist that in this case he did substantially the same thing, and the objection is technical and without merit. There was in all respects a substantial compliance with the statute, and the legislative intent was fully carried out. The worst that can be said is that he was guilty of a " mere irregularity," which in *this case* did not make the sale invalid. See *Virden* v. *Bowers*, 55 Miss. 22, 23.

The sheriff merely did this : after offering two forty-acre lots

successively, he merely added forty acres to the first forty and offered one hundred acres, being the whole tract. Is the sale to be condemned because the sheriff offered one hundred acres instead of eighty after he had offered it in forty-acre parcels without obtaining any bid? We think the court, looking at the particular case before it, will be slow to set aside this sale for what is at the worst a mere irregularity, not substantially deviating from the statutory directions.

*W. T. Houston,* for the appellee.

The argument of counsel as to the mode of sale seems to assume that the legislature intended to secure the sale of land for taxes in forty-acre tracts and multiples thereof so as to preserve in unbroken ownership the land by the subdivisions made by the United States survey, to prevent the boundaries of individual properties from crossing the boundaries of the subdivisions of the United States survey; but this could not have been the intent, as it is impractical of attainment, chimerical, and visionary. I submit that the intent was to secure the sale of land for taxes in quantities of forty acres and multiples thereof, and that where only a fractional part of forty acres is assessed it, *ex necessitate,* is to be sold as a fractional part of forty acres, and where there is one or more forties and an additional fractional part of forty acres, as in this case, then the tax collector can offer first forty acres, then eighty acres, and then one hundred acres, or he can, and this would be more consonant to the spirit of this statutory requirement, first offer twenty acres, the fractional part of forty acres, then sixty acres, then one hundred acres.

*R. P. Williams,* on the same side.

The land was not sold in accordance with the provisions of § 521 of the Code of 1880. The tax collector first offered forty acres, when there was no bid; he then offered forty acres more, or another forty acres, when there was no bid, etc. Above section says that in default of a bidder for the first forty acres offered, or if it does not produce the amount due, then he *shall add* another similar subdivision, and so on until enough is realized to pay taxes due, or until all the land is disposed of.

The manner of sale adopted by the sheriff in this case has been condemned by this court in more than one case, and that, too, under a statute not so broad as § 521 of the Code of 1880, as to how the sales shall be made. We ask the attention of the court to the following authorities: *Hodge* v. *Wilson,* 12 S. & M. 498 23 Miss. 123 ; 36 Miss. 701 ; 47 Miss. 723.

Statutes almost identical with § 521 of the Code of 1880 as to how the sales shall be made is mandatory.

COOPER, C. J., delivered the opinion of the court.

Notwithstanding that there has been since the adoption of the Code of 1871 a statute declaring in effect that no defense shall avail against a title acquired at a sale for taxes, unless it be shown that the taxes for which the sale was made had been paid before the sale, the decisions of this court have been uniform in construing this declaration, in connection with other provisions of law, as not preventing the owner from showing in defense a total departure from the provisions of law governing and directing the assessment and sales of land for taxes ; as that the roll was not returned at the time prescribed, *Stovall* v. *Connor,* 58 Miss. 138 ; that the collector purchased at his own sale, *McLeod* v. *Burkhalter,* 57 Miss. 65 ; that the sale was made at a wrong day, *Tebault* v. *Britt,* MS. ; *McGee* v. *Martin,* 53 Miss. 519 ; *Mead* v. *Day,* 54 Miss. 58 ; *Harkreader* v. *Clayton,* 56 Miss. 383 ; that the taxes were levied at a meeting of the board not authorized by law, *Smith* v. *Newson,* 57 Miss. 138 ; that the board failed to make an order approving the roll, *Davis* v. *Vanarsdale,* 59 Miss. 367 ; that the description of the land was void for uncertainty, *Dingey* v. *Paxton,* 60 Miss. 1038. The act of the collector in selling the whole body of land without having first offered it in subdivisions, adding to each body an additional subdivision until the whole was exposed, exhibits such a departure from the scheme provided for the sale of delinquent land that we think the sale was properly held void by the Chancellor.

*The decree is affirmed.*