GEORGE W. CARLISLE *v.* BURTON GOODE.

1. TAX-TITLE. *Void assessment-roll. Filing after time. Code* 1880, § 499.

Under § 499, code 1880, requiring the tax-assessor to deliver the land assessment-roll to the clerk of the board of supervisors on or before the first Monday in July, failure by a tax-assessor to file the roll of 1889 until the nineteenth day of July of that year rendered the assessment invalid, and a sale for taxes based thereon conferred no title. *Stovall* v. *Connor*, 58 Miss., 138.

2. SAME. *Void assessment. Curative act of* 1892.

The act of 1892 (Laws, p. 28), validating and legalizing assessments of lands in all counties for the years 1889 and 1890, cannot apply retrospectively so as to cure a sale for taxes made previous to said act under a void assessment. *Dingey* v. *Paxton*, 60 Miss., 1038.

FROM the chancery court of Jackson county.

HON. W. T. HOUSTON, Chancellor.

Appellee, Burton Goode, filed a bill against George W. Carlisle, the appellant, seeking to cancel a tax-title acquired by the latter, March 30, 1892, alleging that the land was sold in March, 1891, for the taxes of 1890, and purchased by the state, and by the auditor of public accounts conveyed to defendant. The bill alleges, among other things, that the

assessment under which the taxes were claimed to be due, and upon which the sale for taxes was based, was void, because the assessment-roll of 1889 was filed on the nineteenth day of July, 1889, instead of on the first Monday of July, as required by § 499, code 1880.

The defendant demurred to the bill, the main ground of demurrer being that, before the filing of the bill, the assessment was validated and legalized by the act of March 5, 1892. (Laws, p. 26.)  The demurrer was overruled, and, defendant declining to further plead or answer, there was a decree for complainant canceling the tax-title, and from this defendant appeals.

*Nugent & McWillie,* for appellant.

Section 499, code 1880, does not require the *filing* of the roll, but its *delivery* to the clerk on or before the first Monday of July.  In *Stovall* v. *Connor,* 58 Miss., 138, it was held that the failure to *present* the assessment-roll to the board of supervisors, as required, made it void.  See also *Fletcher* v. *Trewalla,* 60 Miss., 963; *Tierney* v. *Brown,* 67 *Ib.,* 109.

For all that appears in this case, the roll may have been delivered.  If so, the mere fact that it was not filed or so marked would not affect the tax-title.

The assessment, if void, was cured by the act of 1892. Whether this act applies must depend on whether there was any vested right invaded.  We submit that legislative power to validate assessments does not depend upon the time at which it is exercised.  The tax-payer has no vested right in the irregular act of the assessor.  The power existed, and the delinquent tax-payer was affected with notice that it might at any time be exercised in the public interest.  11 Pac. R., 402; 29 Ind., 533; Black on Tax-titles, §§ 271, 272; 36 Hum., 24.

The constitutional provision as to due process of law has no application to laws in relation to taxation and the public revenue.  95 U. S., 40; 96 *Ib.,* 97.

In this state curative statutes have been upheld with singular consistency. *Nevin* v. *Bailey,* 62 Miss., 433; *Gibson* v. *Berry,* 66 *Ib.,* 515; *Sigman* v. *Lundy, Ib.,* 522; *Patterson* v. *Durfey,* 68 *Ib.,* 779; *Cole* v. *Coon,* 70 *Ib.,* 634. See also *Grenada* v. *Brogden,* 112 U. S., 261.

*C. H. Wood,* for appellee.

The failure to file the assessment-roll on or before the day fixed by law rendered the sale for taxes void. *Carlisle* v. *Yoder,* 69 Miss., 384; *Carlisle* v. *Chrestman, Ib.,* 392. The tax-payer must have an opportunity to comply with the requirements of law, and the state, not he, must be the actor. *Dingey* v. *Paxton,* 60 Miss., 1038. The curative act of 1892 cannot affect previous sales.

WOODS, J., delivered the opinion of the court.

The failure of the assessor to file his land assessment-roll until the nineteenth day of July, 1889, was fatal to its validity. The verbal refinements which may be employed in any attempt to distinguish the *delivery* to the clerk of the board of supervisors of a completed and certified assessment-roll, verified by the prescribed affidavit by the assessor, on the day appointed by law, from the *filing* of such roll by the proper officer on the appointed day, cannot be permitted to prevail. The filing of the roll is simply the evidence of the completion, certification and delivery by the assessor to the clerk, as required by § 499, code of 1880. See *Griffin* v. *Ellis,* 63 Miss., 348, and cases there cited.

Chapter 36, acts of 1892, must be construed to validate the assessment-rolls of 1889 and 1890, in so far as future sales under them might be supposed to be affected. We cannot impute to the law-making department a purpose to wrest from the citizen his title to lands by a mere legislative declaration, after an attempt to do so under a void assessment, and a failure in such attempt.

In *Dingey* v. *Paxton,* 60 Miss., 1038, the effort was to vali-

date a void assessment, and divest the title of the land-owner, by legislative declaration, after expiration of a short period of limitation for redemption. In the case at bar, the contention of appellant's counsel would wrest title absolutely and on the instant from the land-owner, and vest it in the state by a void sale under a void assessment. *Dingey* v. *Paxton* might be overturned, and the merits of the present controversy would not be materially affected thereby; but we have no purpose to overturn the rule established in that celebrated case.

*Affirmed.*