## O. Y. GREGORY v. JOHN T. BROGAN.

1. TAX SALE. *How land offered. Code* 1880, § 521.

   Under the code 1880, § 521, it was the duty of the tax collector, in making sale for delinquent taxes of a tract of land constituting one body, assessed and described by United States survey descriptions, to first offer forty acres and sell it for the taxes due on the whole tract if he could; if it failed to bring the taxes due on the whole tract, then he should have added forty acres and offered eighty acres and have sold that for the taxes due on the whole if he could; failing in this, he should have added forty acres and offered one hundred and twenty acres; and so on, adding forty acres at a time, until the whole taxes were bid; and he should have designated each time he made an offer the land offered; and the whole tract should not have been sold until he had offered the parts as above stated and failed to receive a bid covering the taxes on the whole.

2. SAME. *Separate assessments. Same person.*

   The above was true, under code 1880, § 521, even where the land constituting one tract was assessed to the same person in separate assessments.

3. SAME. *Wrongful sale.*

   A sale of land made in March, 1892, for the taxes of 1891, in violation of code 1880, § 521, was void.

4. TAX TITLE. *Confirmation. Defendant's title.*

   The complainant who seeks to confirm a tax title cannot recover because of any defects in the title of one whom he has made a defendant to his suit; he must recover, if at all, on the validity of his own title.

FROM the chancery court of Clay county.

HON. BAXTER MCFARLAND, Chancellor.

Brogan, appellee, filed his bill of complaint against Gregory, appellant, and others, to confirm tax titles to a large body of land. Gregory defended as to a part of the land only. The chancery court confirmed the complainant's titles, as prayed

for, to all the land embraced in the suit; defendant, Gregory, alone appealed.

*Houston & Reynolds*, for appellant.

We submit that the sale was not made as required by § 521, code of 1880. One of the objects of this statute was to prevent the sale of more land than was necessary. *Hodge* v. *Wilson*, 12 Smed. & M., 498. If sold without designating and describing the particular forty acres offered, and the additional forty acre tracts as they were added, the sale was invalid, because a bidder could not know what the collector was attempting to sell. *Hodge* v. *Wilson, supra.*

Counsel contend that what our statute means by "one tract" is the tract as it is assessed; that the assessment is the final test of it. The statute says: "Until all of the land constituting one tract," not assessed as one tract. It does not say all of the land assessed as one tract, nor does it say all the land constituting one tract on the assessment roll. The statute says " and assessed as the property of the same owner."

*Fox & Roan* and *J. J. McClellan*, for appellee.

STOCKDALE, J., delivered the opinion of the court.

John T. Brogan filed his bill in the chancery court of Clay county to the May, 1894, term, against G. W. Leigh *et al.*, praying confirmation of tax titles to southeast ¼ of southeast ¼ of section 11, and southwest ¼ of southwest ¼ of section 12, and south ¾ of north ½ of southwest ¼ of section 12, all in township 17, range 5 east, lying in Clay county, Miss., and other lands. Appellant and J. M. Judah, among others, were made defendants, and answered said bill of complaint, denying the right of complainant to confirm his alleged tax titles to lands included in a deed of conveyance from respondent, J. M. Judah, to respondent, O. Y. Gregory (appellant here), on June 16, 1893, by which is conveyed the east ½ of southeast ¼ of section 11

(except nine acres in northwest corner), also one hundred acres on the west side of the southwest quarter of section 12, all in township 17, range 5, east, containing in all one hundred and seventy-one acres, more or less, recorded June 17, 1893. As to these lands, respondent denies that complainant has any valid title thereto, and avers that his pretended tax titles are void, and confer no rights to the said lands.

The cause was tried on the pleadings and proofs, at the May term, 1896, of said court, and decree rendered in vacation, May 30, 1896, granting relief to complainant as prayed, and quieting and confirming in him tax titles to said lands. The proofs contained in the record here show that the south $\frac{3}{4}$ of north $\frac{1}{2}$ of southwest $\frac{1}{4}$ of section 12, township 17, was assessed separately, and the amount of taxes due on it alone run out opposite the description; and that the same is true of the southwest $\frac{1}{4}$ of the southwest $\frac{1}{4}$ of same section; and the same is true of the southeast $\frac{1}{4}$ of the southeast $\frac{1}{4}$ of section 11, same township and range. The description shows that these parcels were contiguous, and the proof shows that they formed and constituted one tract, and were assessed to and as the property of the same owner, G. W. Leigh, and occupied as one farm in 1892. Three separate deeds (one for each parcel of land), were made by the tax collector to the same purchaser (appellee here), each reciting that the parcel therein described "was sold for the taxes due thereon for the year 1891." The list of lands sold to individuals at that sale shows the same thing; and the sheriff of the county, after examining his book in reference to the sale of these lands, testified: "It appears from the book that I sold it separately, each piece for the taxes due thereon."

Counsel for appellees, after stating that the statute had been complied with, call attention to the fact that "three of the deeds were for only forty acres each," and refer us to § 521, code 1880. All proceedings touching the sale of this land were under the code of 1880. There was no forty acres offered for sale to the highest bidder for cash, to see if it would bring the

amount due on the whole tract, but one forty acres was put up and sold for the taxes due on itself, then another forty, in the same manner, and then a sixty-acre parcel. That mode of sale made it inevitable that the whole tract would be sold for the taxes upon it, no matter how much any one forty acres might have brought. We think the act of the collector in selling the whole tract in that manner, without first having offered it in subdivisions to the highest bidder for cash, and, if the first forty acres failed to bring the taxes due on the whole tract of land, then adding another similar subdivision, and so on, until the requisite amount was produced, or until the whole tract was offered, exhibits such a departure from the scheme provided for the sale of delinquent land, that we think the sale was void, and conferred no title on appellee, so far as the land here in question is concerned. *Griffin* v. *Ellis*, 63 Miss., 348. It is not the policy nor the disposition of the government to punish the delinquent taxpayer. On the contrary, its policy is to collect the taxes with the least possible injury to the delinquent taxpayer, and, consequently, the collector shall sell the smallest amount of land that will bring the delinquent taxes.

In *Griffin* v. *Ellis, supra,* the tract of land consisted of one hundred acres, belonging to Mrs. Ellis. The collector first offered forty acres, and got no bid. He did not add another, and offer eighty acres, but he offered another forty and got no bid for it, and then offered the remaining twenty acres, and got no bid for it. Having offered each forty separately, and got no bid, he then offered the whole tract, and sold it. It was insisted by counsel in that case for Mrs. Ellis that forty, then eighty, acres should have been offered. Opposing counsel insisted that the same thing was substantially done, and at most it was but an irregularity that did not make the sale invalid; that the legislative intent had been carried out. But this court held the sale void, the opinion being delivered by the learned Chief Justice Cooper. It was the duty of the tax collector in this case to offer forty acres, and get the whole tax

for it, if he could. Failing in that, he should have added forty and offered eighty, and got the whole tax for that if he could, and so on; but he appeared determined that the whole tract should go for the taxes upon it, and pursued a plan at variance with the plain and peremptory instructions of the statute, that necessarily would produce that result, and with the same injury and injustice to the taxpayer as though the whole tract had been at first exposed.

A void sale is no sale, and no conveyance can be supported by it, and § 525, code of 1880, will not bar the owner from setting up as a defense a total departure from the provisions of law governing and directing the assessment and sale of land for taxes. *Griffin* v. *Ellis, supra,* and cases there cited.

This court has adhered to that doctrine, and held, in *Carlisle* v. *Good,* 71 Miss., 453, recently, that "the failure of the assessor to file his land assessment roll until the nineteenth day of July, 1889, was fatal to its validity," and the sale was held void for that reason, citing *Griffin* v. *Ellis.*

It was said in the opinion in *Carlisle* v. *Good:* "We cannot impute to the lawmaking department a purpose to wrest from the citizen his title to lands by a mere legislative declaration, after an attempt to do so under a void assessment, and a failure in such attempt."

It seems highly improbable that the lawmaking power would require, as it has required, precision in the assessment of property, and in all dealings with assessment roll by the assessor and board of supervisors, and in the manner of sale of lands, evincing an unmistakable purpose to protect the taxpayer from injury or hardship, and then designedly stultify itself by denying him the privilege of invoking the safeguards thrown around him by that power. Irregularities may not avoid the sale, but a total departure from the mode of sale prescribed by law will render the sale void. *Nelson* v. *Abernathy, ante,* p. 164.

The fact that the three parcels of land in controversy were

separately assessed did not warrant the collector in selling them separately, each for the taxes due on it alone, they constituting one tract and assessed to the same person.    Otherwise it would be in the power of the assessor to thwart the purpose of the legislature.    The manner of sale was plainly set out by the statute, using the United States survey and divisions, and it is not within the power of the assessor to abrogate the statute by his assessment.

This view being adopted, it will not be necessary to consider the question of notice, or the want of it, arising out of the fact that appellee's deeds were not recorded.   Appellant has a good paper title from Judah, and its validity cannot be questioned by appellee in this proceeding.    '' He challenged consideration of and objections to his title, and asked the court to approve and confirm it, and having failed to show title in himself, it is not material to his rights whether the claim of his adversaries was perfect or not.''    *Peterson* v. *Kittredge*, 65 Miss., 38.

The sale of the lands in question in this case being void, appellee cannot show title in himself, and .it is immaterial to his rights whether Judah, who conveyed to appellant, had a perfect title or not.

The decree of the court below is reversed and set aside so far as it includes the lands claimed by appellant and any lands in the east ½ of southeast ¼ of section 11 (except nine acres in the northwest corner), and one hundred acres of the west side of southwest ¼ of section 12, all in township number seventeen, in range number five east, in Clay county, Mississippi.