## WOMACK v. CENTRAL LUMBER CO.

[94 South. 2. No. 22854.]

1. TAXATION. *Tax title void where land consisting of more than one hundred acres was sold as an entirety instead of in forty-acre parcels.*

A tax title to land is void where the land involved consisted of one tract of more than one hundred acres and was assessed to "unknown," and in making sale thereof the tax collector failed to comply with the provision of section 4328, Code 1906 (section 6962, Hemingway's Code, which requires that in making such sales the tax collector shall first offer forty acres, and if the parcel so offered does not produce the required amount then he shall add another similar subdivision, and so on until the requisite amount shall be bid or the land constituting one tract and assessed as the property of the same owner, be offered, but instead in the first instance offered 'and sold the land as an entirety.

2. TAXATION. *Tax titles not valid where there was a total failure to comply with rules as to assessments and sales.*

The provision of said section to the effect that no tax title shall be invalidated for error in conducting the sale and the provision of section 4332, Code of 1906 (Hemingway's Code, section 6966), to the effect that no tax title shall be invalidated in any court except by proof that the land was not liable to sale for taxes or that the taxes thereon had been paid, or the sale had been made at the wrong time or place, were not intended to apply to tax sales of land where there was a total departure from the statutes prescribing the fundamentals of the assessment and sale of land for taxes, one of which is the requirement prescribing the subdivisions in which such lands shall be offered.

3. STATUTES. *Re-enactment of statute construed by supreme court carries with it indorsement of such construction.*

Where a statute has been construed by the supreme court and afterwards re-enacted by the legislature in the same form, such re-enactment carries with it an indorsement by the legislature of such construction.

APPEAL from chancery court of Franklin county.

HON. R. W. CUTRER, Chancellor.

Bill by W. H. Womack against the Central Lumber Company. Decree of dismissal, and complainant appeals. Affirmed.

*Theo McKnight,* for appellant.

To say that a tax deed is void because the tax collector did not offer the land for sale in forty-acre lots as provided by section 4328, Code 1906, would put this section in hopeless conflict with section 4332. They can be construed together. Section 4332 is by its very language exclusive as to what defenses may be made to a tax collector's conveyance. If this is true, then the provisions of section 4328 are not defenses to a tax collector's conveyance, unless they are the same as the provisions of section 4332, or named among the things enumerated by the latter section as being such defenses. Section 4328 provides that on the first Monday in March, if the taxes are unpaid the collector shall sell enough of the land of each delinquent taxpayer to pay his taxes, to the highest bidder for cash. That he shall offer forty acres, etc.; but neither a failure to advertise nor error in an advertisement nor error in conducting the sale, shall invalidate a sale at the proper time and place for taxes, of any land on which the taxes were due and not paid; but a sale made at the wrong time or at the wrong place shall be void. This section then provides for the recovery of damages on the official bond of the tax collector for any failure or error on his part. The failure of the tax collector to offer in forty-acre lots would be an error in conducting the sale, and would be illegal as far as the tax collector's liability on his official bond is concerned. But, this section negatives, in strong English, any idea that the failure to offer in forty-acre lots shall have any effect upon the sale by saying that: "Neither a failure to advertise nor error in an advertisement nor error in conducting the sale shall invalidate a sale at the proper time and place for taxes, of any land on which the taxes were due and not paid." And then, as if to reassert that nothing already said should invalidate such a sale, and to preserve its harmony with section 4332, adds: "But a sale made at the wrong time or at the wrong place shall be void." If it had been the purpose of the statute to invalidate a

sale of any land not offered in forty-acre lots, the language would have been: "But a sale made at the wrong time or at the wrong place or without offering the land in forty-acre lots shall be void."

It is certainly not the prospective purchaser at the tax sale, who is designated as the person who may sue on the official bond of the tax collector for any failure or error of said collector. The person mentioned, unquestionably, is the owner of the land sold, who is given the right to sue for damages for failure to do something or for error in doing something required of the tax collector by this section, chief of which is the selling in forty-acre lots. But if the sale is void because his land was not sold in forty-acre lots, he is not damaged but is benefitted by escaping the payment of his taxes, notwithstanding his land is liable to taxation, is assessed; his taxes are due and not paid; and his land is sold at the proper time and place.

Section 4332, Code 1906, after providing the form of a tax collector's conveyance, says positively: "And no such conveyance shall be invalidated in any court" except by proof of the things stated in said section—and then as if to preserve its harmony with section 4328, it mentions, among other things which may invalidate a tax sale, the payment of taxes before sale, and a sale at the wrong time and place, but does not mention the failure to offer in forty-acre lots. Therefore, to say that, a failure to offer in forty-acre lots invalidates a tax sale puts sections 4328 and 4332 in hopeless conflict, which condition is avoided by holding section 4332 to be exclusive as to defenses against tax titles, and that a sale in forty-acre lots is not essential to the validity of a tax title. The cases bearing on sales by forties. *Griffin* v. *Ellis,* 63 Miss. 348, was decided in 1885 under section 525, Code 1880, which did not contain the provision of clause: "Nor error in conducting the sale. "This clause appeared for the first time in section 3813, Code 1892. *Nelson* v. *Abernathy,* 74 Miss. 164, was decided in 1896, and involved the question of a sale in forty-acre lots. This case was under section 3813, Code 1892. This case does not

hold that under section 3813, Code 1892; a sale by forties is essential to the validity of a tax title. The court declining in these words: "We do not now hold, however, that the failure to do this would make the sale void," to so hold.

The court says that, it is distinctly averred in the bill, and admitted by the demurrer, that the sheriff failed to designate or describe the forty-acre tracts "in any way whatever." And the court says: "But we do hold that the failure to describe or designate in any way what forty acres the sheriff was offering does render the sale void." "The things omitted by the sheriff to show what he was offering does render the sale void." "The things omitted by the sheriff in making this sale are fundamental." "The provision in section 3813, Code 1892, that no error in conducting the sale should invalidate it, does not have the effect to cure a total departure from the manner of selling prescribed by law—to make immaterial the things which are fundamentally vital to a valid sale." The fundamentally vital thing omitted was to describe the lots sold or to designate them in any way whatever.

*Herron* v. *Jennings,* 31 So. 965, not officially reported was intended to follow the Abernathy case, above, but is a clear misconception of the point in the Abernathy case. It mistakes the failure to sell in forty-acre lots, for the failure to designate or describe the forty-acre lots, as the thing that was "fundamentally vital to a valid sale," and thus credits the Abernathy case with holding something which it positively and distinctly declines to decide, as already quoted above.

*Stevenson* v. *Reed,* 90 Miss. 344, was really decided in the first line of the opinion, where Judge WHITFIELD said "The taxes were shown to have been paid by satisfactory evidence." He also said: "The method was illegal. The sheriff should have sold forty acres at a time." He did not say that the sale was void because of the illegality of the method of sale. This is carefully avoided by the opinion. It is the illegality of the method which renders the tax collector liable for damages on his official bond. His fail-

ure to sell in forties constitutes the illegality of his method, which, in turn, renders him liable on his official bond. *Moores* v. *Thomas,* 95 Miss. 650, holds that: "Sections 4284, 4332, Code 1906 (sections 3775, 3817, Ann. Code 1892), declare what, and only what, shall invalidate a sale for taxes."

*North* v. *Culpepper,* 97 Miss. 740: "There was no error committed by the tax collector in conducting the sale; but, if there had been, section 3813, Code 1892 (section 4328, Code 1906), prevents the error from invalidating the sale, if the property was sold at the proper time and place and the taxes were due and unpaid." *Reed* v. *Head,* 97 Miss. 754: "Section 4332, Code 1906 (section 3817, Code 1892), provides what defense may be made to a tax collector's deed, and this section is exclusive of all others." *Central Trust Co.* v. *Haynes,* 110 Miss. 132: "The defects, if any there be, in the allegations of the bill of complaint, are cured by sections 4332 and 4367, Code 1906, and it therefore follows that the decree of the chancery court overruling appellant's demurrer was correct."

*Wilkinson* v. *Henderson,* 115 Miss. 645. This case simply says: "Complainant failed to show that the sheriff did not comply with the statute by first offering forty acres, etc." Of course the sheriff should have sold in forties, because the law requires him to do so and makes him liable on his bond for not doing so. This case holds that the sheriff is not shown to have failed to sell in forties. This case certainly does not hold that a sale in forties is essential to the validity of a tax conveyance.

*Jones* v. *Moore,* 118 Miss. 74, HOLDEN, J., delivered the opinion of the court in these words: "This case comes clearly within the rule announced in *North* v. *Culpepper,* 97 Miss. 730, 53 So. 419, and the chancellor was right in following it."

*Fulton Thompson* and *R. J. & J. H. Thompson,* for appellee.

Mississippi Code 1906, section 4328, as amended by Laws 1908, ch., 199, p. 208, expressly provides that in making

sales of land for taxes: "He (the tax collector) shall first
offer forty acres, and if the first parcel so offered does not
produce the amount due, then he shall offer another sim-
ilar subdivision and so on until the land constituting one
tract and assessed as the property of the same owner be
offered."

It makes no difference in this case that the entire tract
was assessed to "unknown," and therefore, the tract may
have been assessed to several unknown owners, each own-
ing a part of it. *Higdon* v. *Salter,* 76 Miss. 756, s. c. 25
So. 864. The case just cited also holds that a failure to
comply with the statute renders a tax sale void and that it
is not cured by the concluding terms of the section. Code
1892, section 3913, Code 1906, section 3815. The same de-
cision, that the tax sale is void, if the statute was not re-
spected and followed was made in *Nelson* v. *Abernathy,* 74
Miss. 164; s. c. 21 So. 150, this court therein deciding that
such a sale was not cured by the terms of the statute that
no error in "conducting the sale" shall invalidate it, nor
is it cured by Code 1906, section 4332. *Herron* v. *Jennings,*
31 So. 956; *Herring* v. *Moses,* 71 Miss. 629, s. c. 14 So. 437;
*Howie* v. *Alford,* 100 Miss. 485, 493; *Nelson* v. *Abernathy,*
74 Miss. 164.

There are cases in 101, 103, 111 and 115 Miss. reports
construing the statute, Code of 1906, section 4328, but none
of them discuss any question pertinent to this case. The
decisions of this court hereinbefore cited, we submit, con-
clusively establish that a sale for taxes of an entire tract
of land, the acreage of which is greater than forty acres,
is utterly void unless first offered in forty-acre parcels as
provided by statute.

If the acreage given by the assessment be material and
only twenty-five acres were sold, the tax deed is void be-
cause the acres sold are unidentified.

If the court shall endeavor to locate or designate the
twenty-five acres to which complainant's alleged tax deed
is applicable, we are quite sure, the effort will be unsuc-
cessful. Before the adopton (in the Code of 1880 we think)

or the statute, now Mississippi Code 1906, section 4285, a tax deed ambiguously describing lands could not be aided by parol testimony. Nor can a patent ambiguity now be so aided. *Smith* v. *Brothers,* 86 Miss. 211, s. c. 38 So. 353. It is true the case of *Smith* v. *Brothers,* related to the description of land used in a tax deed and not one used in an assessment and it is true that the alleged tax deed in this case departed from the description used in the assessment, but should it be held that the description in the deed is not patently ambiguous, it is certainly true a tax deed can have no validity if predicated of a void assessment. The tax deed cannot rise superior in the matter of the description of the land to the assessment upon which it is founded. The tax collector in executing a tax deed cannot depart from the description in the assessment and thereby give validity to a description inserted in his deed which the description contained in the assessment did not have. A tax collector's failure to describe the land in his deed as it is described on the assessment roll may defeat the deed; it can never aid or strengthen it.

The statute making tax deeds *prima-facie* evidence of title does not aid the complainant's tax deed even if it be held to be unambiguous in all respects; for the reason just stated, it cannot, in the matter of description, be superior to the assessment upon which it is based, and because the complainant in this case himself offered in evidence the assessment upon which his deed was based and the assessment of all the land in the section 7 under consideration.

However, we are discussing an assumption, brought into the case by complainant, that his cause can be aided by a showing locating the twenty-five acres mentioned on the assessment roll. Under Code 1906, section 4285, defective descriptions of lands appearing on an assessment roll may be aided by evidence *aliunde* in the following cases only: 1. Where land is described as a part of the designated tract or division. This has no application to the case at bar. The assessment under consideration does not show any part of the section to have been described as a part of the sec-

tion North of the creek, or of any subdivision of it. In truth, the description in the assessment upon which the pretended tax sale was made negatives the idea of its being a part of anything, it carried the false conception that the twenty-five acres was the whole of the west half of the section North of M. Creek.

2. The statute next provides that when a part of a designated tract or division shall be sold for taxes, the sale shall pass the title of such part as was the subject of separate ownership when it was assessed.

This applies to a case wherein the land is described on the assessment rolls as a part of a designated tract and clearly relates back to the terms of the first line of the section. In this case no part of the section was assessed as a part of anything. Especially is this true of the exception to the assessment against our client which we are sure was ineffectual, because no part of the section was North of Homochitto river.

3. The statute further provides that the sale of a specified number of acres containing more, or a specified portion of a tract, shall pass an undivided interest in the whole tract equal to the proportion which the number of acres or portion sold bears to the whole tract.

If it be on the assumption that the tax sale was of twenty-five acres only this part of the statute can have no application to the case at bar (a) because a specified number of acres was not sold according to the complainant's contention, but (b) if they were sold it is quite apparent that the taxes have been paid on all of the West half of the section except that on the East side North of Homochitto river and there was no part of the section North of the river.

4. The statute further provides that when a part of a known tract or division of land is assessed by a description which identifies it, any other part of it which is assessed but not so identified shall be held to embrace all of such tract or division not included in the part identified.

This part of the statute is not applicable to the case at bar because all parts of the section are identified. It is

useless to speak of the East half of the section; and when we look at the assessment roll we find assessed against the lumber company the whole of the West half except a part on the East side North of the Homochitto river, and besides, the assessment on which the tax deed is based, if the statute be applicable, must be placed on that part of the West half of the section North of the river and there is no part of it that isn't South or West of the river; no part of it that can be said to be North of the river without violence to the locations of the section and the river.

It is only in the above entitled cases that parol testimony is admissible, and it would, therefore, seem useless to inquire whether the testimony and the evidence offered in this case show what land was assessed and sold.

Another feature of the statute is this: By its very terms there must be evidence in the description of the assessment roll or conveyance to be applied to a part of the land by the aid of such testimony. The pertinent decisions of this court all maintain our position. See the annotations to sections 4284 and 4285 of the Code of 1906. We call the court's attention especially to the case of *Cogburn* v. *Hunt,* 54 Miss. 675, holding that the statutes do not effect patent or latent ambiguities. *McQueen* v. *Bush,* 76 Miss. 283; s. c. 24 So. 196, decides that the clue must be found in the assessment roll itself and not in the pleadings. *Crawford* v. *McLaurin,* 83 Miss. 265; s. c. 35 So. 209, is an illustration of a case requiring the clue to be found in the description on the assessment roll or in the conveyance.

*Brady, Dean & Hobbs,* for appellees.

Appellant could not, appellees cannot, and this court cannot, say where this twenty-five acres of cultivated land was located. The description ceases to be a good description and becomes wholly void for uncertainty. *Morgan* v. *Schwarta,* 6 So. 326; *Pearce* v. *Perkins,* 70 Miss. 176, 12 So. 205; *Neilson* v. *Abernathy,* 74 Miss. 164, 21 So. 150; *Hughes* v. *Thomas,* 29 So. 74; *Gilchrist-Fordney* v. *Thig-*

*pen,* 74 So. 823. The description in the assessment having become defective was in no respect bettered by the fact that the tax collector inserted in his tax deed a description different from that on the assessment roll. *Gibbs* v. *Hall,* 38 So. 369.

Section 4332; after establishing a form for conveyances by a tax collector, says: "Which conveyance shall vest in the purchaser a perfect title to the land sold for taxes." The land sold for taxes was that described on the assessment roll, cried by the tax collector and no more. But what and where it is, nobody knows. It was appellant's duty to show this.

There is no escape from this fact, and appellant grasps at one further straw. He says that there were at least one hundred and thirteen acres not paid on. He says that he bought twenty-five acres and, therefore, that he is entitled to a twenty-five-one hundred thirteenths interest in that acreage.

Again he miscounts his acreage. It cannot be said there was one hundred thirteen acres not paid on. It is not necessary to re-argue this here. His claim is a bold distorton of a phrase of section 4285 of the Code of 1906, reading: "And the sale of a specified number of acres of a tract containing more, or a specified portion of a tract, shall pass an undivided interest in the tract equal to the proportion which the number of acres or portion sold bears to the whole tract."

There is nothing in the facts here within the purview of this phrase. Here we have no sale of a specified number of acres of a tract containing more. No tract at all is in any way referred to except in appellant's brief. What the legislature had in mind in framing this section is fully illustrated in the case of *Herring* v. *Moses,* 71 Miss. 620. Appellant first contends that the early decisions of this court dealing with sales wherein this provision of the law was violated, were under a section of the Code which was repealed by section 3813 of the Code of 1892, and under the Code of 1906, we find this court persistently and consist-

ently upholding the provision that the tax assessor shall not sell for taxes in excess of forty acres without first offering in tracts of not exceeding forty acres.

The first case cited is *Griffin* v. *Ellis,* 63 Miss. 348, wherein this court in language as plain as it will ever be able to write, announced that the sale of a tract of one hundred acres was wholly and utterly void for the reason that the tax collector offered forty acres, then another forty acres, then twenty acres and finally one hundred acres. It was stated that he should have offered forty acres, then eighty acres, then one hundred acres, if the first offerings did not bring the amount of the tax. Appellant contends that this action on the part of the tax collector was an error in conducting the sale, and that this requirement was eliminated by the language inserted in section 3813 of the Code of 1892. This immediately falls.

*Nelson* v. *Abernathy,* 74 Miss. 164, the next case cited by appellant, was decided under section 3813 of the Code of 1892. The failure of the tax collector to offer forty-acre tracts and his failure to describe and designate the tracts were there claimed to be errors in conducting the sale. The court held that to depart from the statute as demanded by appellee would sanction a sale at midnight. It did not even think of doing as appellant demands, hold the sale valid and remand the owner of the land to a suit against the tax collector.

*Herron* v. *Jennings,* 31 So. 965, next cited by appellant, involved a tax sale of seventy-two acres of land, where same was sold by the tax collector without first offering forty acres of it as required by section 3813 of the Code of 1892. The decision was based on *Nelson* v. *Abernathy, supra.* Appellant contends that this court did not know what it had said or meant in the case of *Nelson* v. *Abernathy.* He, and not this court, misread the cited case.

Next, *Stephenson* v. *Reed,* 90 Miss. 341, decided under section 3813 of the Code of 1892, confronts appellant. Again a plurality of fundamental things was involved and appellant seizes upon one. This court said: "The taxes

were shown to have been paid by satisfactory evidence. The method of sale was illegal. The sheriff should have sold forty acres at a time."

Appellant says the case was decided in the first line of the opinion. Were that true, this court would not have added twenty lines to its opinion in order to condemn such a method of sale, and also prevent any later litigant from undertaking to stop the mouth of a tax collector from stating how he sold at the time of sale.

*Moores* v. *Thomas,* 95 Miss. 644, is not an authority in this case for either party. There was a tract of one hundred twenty acres, eighty acres of which were owned and paid on by one person, leaving forty acres to be sold. They were sold and the only question at issue was whether they were liable for sale.

*North* v. *Culpepper,* 97 Miss. 130, really involved a question similar to that in *Moores* v. *Thomas,* but in distinguishing that case from the case being decided, this court in an elaboration of *House* v. *Gumble,* 78 Miss. 259, directly emphasized the motive (already asserted by us), which actuated the legislature in making a provision whereby a portion of land assessed should, if possible, be caused to pay the tax upon all. The only matter involved in the case of *Reed* v. *Heard,* 97 Miss. 143, cited by appellant, is the sufficiency of a description and the necessity for a valid assessment before sale.

*Central Trust Company* v. *Haynes,* 110 Miss. 119, decided, on demurrer, involved only the matter of compliance with the different steps leading up to a sale.

We find no *Wilkinson* v. *Henderson* in 115 Miss., but in *Wilkerson* v. *Harrington,* 115 Miss. 637, to which appellant evidently refers, the court really passed upon the matter of contiguous tracts, but used this significant language: "Complainant failed to show that the sheriff did not comply with the statute by first offering forty acres and then adding similar subdivision and so on, until the requisite amount of taxes was produced," and citing *Gregory* v. *Brogan,* 74 Miss. 694: "It is not the policy of the govern-

ment to punish the delinquent taxpayer.  On the contrary, it is the policy to collect the tax with the least possible injury to the delinquent taxpayer, and consequently the collector shall sell the smallest amount of land that will bring the delinquent taxes." *Jones* v. *Moore,* 118 Miss. 68, again involved only the question of contiguous tracts.  It is unnecessary to argue this feature for the reason that appellant secured nothing at a void tax sale.  This case must be affirmed.

Anderson, J., delivered the opinion of the court.

Apellant, W. H. Womack, filed his bill in the chancery court of Franklin county against the appellee, Central Lumber Company, seeking to confirm his tax title to a piece of land situated in that county.  The cause was heard by the court on bill, answer and proofs and a decree rendered dismissing the appellant's bill, from which he prosecutes this appeal.

One question involved is whether appellant's tax deed is void because the tax collector, in making the sale, failed to comply with that provision of section 4328, Code of 1906 (Hemingway's Code, section 6962), which requires that in making such sales the tax collector shall first offer forty acres, and, if the parcel so offered does not produce the required amount, then he shall add another similar subdivision, and so on until the requisite amount shall be bid, or the land constituting one tract and assessed as the property of the same owner, be offered.  The land involved here consisted of more than one hundred acres and was assessed to "unknown" and in the first instance was offered and sold in its entirety without first having been offered in subdivisions as required by the statute.

Appellant contends that the failure of the tax collector to comply with the statute in that respect did not render the sale void.  This contention is based on a clause in said statute as well as one in section 4332, Code of 1906 (Hemingway's Code, section 6966).  The clause in the first section referred to is in this language:

"But neither a failure to advertise nor error in the advertisement, nor error in conducting the sale, shall invalidate a sale at the proper time and place for taxes, of any land on which the taxes were due and not paid; but a sale made at the wrong time or at the wrong place shall be void."

The clause of the statute relied on in the other section referred to is in this language:

"Which conveyance shall vest in the purchaser a perfect title to the land sold for taxes, subject to the right of redemption; and no such conveyance shall be invalidated in any court except by proof that the land was not liable to sale for the taxes, or that the taxes for which the land was sold had been paid before sale, or that the sale had been made at the wrong time or place."

There is a good deal of force in appellant's contention that by those provisions of the statute the legislature prescribed the only grounds upon which a tax title might be invalidated, and therefore any and all other grounds were excluded. In other words, that the legislature intended to provide and did provide that tax titles should not be invalidated by the courts upon any other grounds than some one or more of the grounds set out in the statute. However, this question is foreclosed against the contention of appellant, by several decisions of this court. *Griffin* v. *Ellis*, 63 Miss. 348; *Herron* v. *Jennings* (Miss.), 31 So. 965 (not officially reported); *Herring* v. *Moses*, 71 Miss. 620, 14 So. 437; *Nelson* v. *Abernathy*, 74 Miss. 164, 21 So. 150; *Stevenson* v. *Reed*, 90 Miss. 341, 43 So. 433. It was held in the *Griffin case*, *supra*, that these provisions of the law were not intended to apply to the fundamentals of tax sales; that they were not intended to prevent those attacking such sales from showing a total departure from the statutes governing the assessment and sale of lands for taxes; and, as illustrative of this view, the court in its opinion referred to *Stovall* v. *Connor*, 58 Miss. 138, holding that a tax sale was invalid when the assessment roll was not returned at the time prescribed by law; and *McLeod* v. *Burkhalter*, 57 Miss. 65, where the tax collector purchased at his own sale;

and *Smith* v. *Nelson,* 57 Miss. 138, where the taxes were levied at a meeting of the board not authorized by law; and *Davis* v. *Vanarsdale,* 59 Miss. 367, where the board had failed to make an order approving the assessment roll; and *Dingey* v. *Paxton,* 60 Miss. 1038, for uncertainty in description of the land.

The provisions in question of section 328, Code of 1906 (Hemingway's Code, section 6962), and section 4332, Code of 1906 (Hemingway's Code, section 6966), are exact rescripts of similar provisions of the corresponding sections of the Code of 1880, sections 521 and 525, and the Code of 1892, sections 3813 and 3817, except that to section 521, Code of 1880, as brought forward in the Code of 1892 and in the Code of 1906 there is added this language: "Nor error in conducting the sale." Appellant contends that by this language the defenses which might be made against a tax deed were further narrowed. However, all of the cases above referred to, except *Griffin* v. *Ellis,* seem to have been decided after the adoption of the Code of 1892 and were governed by its provisions. In none of those cases was any significance given to the added language referred to. These statutes thus construed by the court as they appeared in the Code of 1892 were re-enacted by the legislature in the Code of 1906, presumably with full knowledge of such construction. We are unable to see how such a construction will lead to mischievous results. We decline therefore to overrule *Griffin* v. *Ellis, supra,* and the cases following it. The disposition made of this question renders it unnecessary to notice the other questions argued.

*Affirmed.*