## M. Georgie Smith v. Samuel Nelson.

Tax Title. *Board of supervisors. Power to adjourn meeting.*
   The board of supervisors having no power to adjourn to a time not
   appointed by law, a levy of taxes made at an adjourned meeting
   is void, and a sale therefor passes no title.

Error to the Circuit Court of Issaquena County.
Hon. B. F. Trimble, Judge.

Ejectment by the plaintiff in error, who claimed under the tax title described in the opinion of the court.

*Frank Johnston*, for the plaintiff in error.

The only objection made to the tax title is that the taxes were levied at a meeting of the board of supervisors not authorized by law. Construing together §§ 1372, 1373, and 1687 of the Code of 1871, the adjourned meeting was legal. No power to levy the taxes was possessed by the board before the assessment roll was returned. The whole board fixed the day when the meeting would be held, and it is presumable that due notice, if any was required under § 1687, was given. *Williams* v. *Cammack*, 27 Miss. 209. The tax deed is *prima facie* evidence of the legality of the assessment and proceedings. Code 1871, §§ 1697, 1700 ; *Virden* v. *Bowers*, 55 Miss. 1.

*Miller & Hirsh*, for the defendant in error.

The acts of the supervisors at an illegal meeting are void. *Jones* v. *Burford*, 26 Miss. 194. It is unnecessary that the assessment roll should be received before the board can levy the taxes. The *prima facie* presumption of the legality of the meeting is overcome by the entries on the minutes of the board showing that it was an adjourned meeting, which is a legal impossibility. Dates for regular meetings are fixed by the statutes (Code 1871, §§ 1353, 1372, 1373, 1687) which also provide that, if special meetings are necessary, they may be called by the president of the board or any two members, by posting notice or by advertisement. *Expressio unius exclusio alterius. Gamble* v. *Witty*, 55 Miss. 26. If any part of the taxes was illegal, the sale was void. Blackwell on Tax Titles, 160, 161 ; *Shattuck* v. *Daniel*, 52 Miss. 834.

CHALMERS, J., delivered the opinion of the court.

The validity of the plaintiff's tax-deed depends upon the validity of the levy of taxes made by the board of supervisors of Issaquena County in September, 1871; and this in turn depends upon whether the boards of supervisors in this State can by order on their minutes adjourn, at the expiration of a term, to a day named other than that appointed by law for their regular meetings. The board of supervisors of Issaquena County met in July, 1871, at the time designated by law for levying the county taxes, but without making the levy adjourned by resolution until the first Monday in August. Upon the day named they met again, and adjourned over until the first Monday in September. Again they met and adjourned over until the fourth Monday of September, upon which last-named day they met and made the levy. These repeated delays grew out of the failure of the tax assessor to complete and file the assessment roll of the county at the proper time. Was the levy made at the adjourned meeting legal and valid ?

Our boards of supervisors are partly legislative and partly judicial in their character. They are judicial as to their times of meeting, that is to say, their terms are fixed by law, duration limited, and the mode of calling special terms carefully prescribed by statute. Code 1871, §§ 1353, 1372, 1373. They have no more power to adjourn by resolution or order from one term to a day intermediate between the day of adjournment and their next regular meeting than the Supreme, the Circuit, or the Chancery Courts have. If the public interests require a special term the law prescribes for them a mode of calling it, just as it does for all other courts; and their acts at a meeting not appointed by law, or not convened in the proper manner, are as destitute of authority as would be the judgments of this or any other court rendered at a term unlawfully held. *Jones* v. *Burford*, 26 Miss. 194. It follows that the tax-deed was properly excluded.

*Judgment affirmed.*