## JOHN P. STOVALL *v.* SALLIE J. CONNOR.

1. TAXES. *Assessment. Roll not presented at legal time.*
   Where an assessment is made under a legislative act requiring the assessment-roll to be presented to the Board of Supervisors on the first Monday of July for its action, and the roll of such assessment is not presented until the first Monday of August, and not approved until the first Monday of September, it is void.

2. SAME. *Assessment abandoned. Effect as to sales thereafter.*
   Where a Board of Supervisors, being thereto authorized by an act of the Legislature, orders a new assessment in place of one already made, it must be regarded that the old assessment is abandoned by the order for the new one; and if sales of land are made under the latter, which is from any cause void, they cannot be upheld by the former.

3. SAME. *Assessment. General revenue act of 1876.*
   The general revenue law of 1876, approved April 15th, did not authorize any assessment of lands prior to 1879, but only for that year and subsequent years, as decided in *Selden* v. *Coffee,* 55 Miss. 41.

ERROR to the Circuit Court of Noxubee County.

Hon. J. M. ARNOLD, Judge.

There was an assessment of lands in this State in 1875, to stand for four years thereafter, including that year. An act of the Legislature, approved February 26, 1876, authorized the Boards of Supervisors to correct the errors and informalities in the assessments in the several counties of the State, or to order new assessments, which, when perfected, should be binding for the years 1876, 1877, and 1878. In pursuance of

that act, the Board of Supervisors of Noxubee County ordered a new assessment for that county. The new assessment was made accordingly, but the assessment-roll was not presented to the Board of Supervisors for approval until the first Monday in August, and was not approved until the first Monday in September, while the act above referred to required that the roll should be presented on the first Monday of July.

The assessment of 1875 was legally made, and presented to and approved by the Board of Supervisors, and was delivered to the sheriff. The new assessment-roll was also delivered to the sheriff. In March, 1879, the sheriff sold as delinquent for the taxes of 1878 a tract of four hundred and sixty acres of land belonging to W. S. Connor, which was bought by one Moorer, who conveyed it to the plaintiff in error, John P. Stovall. At the time of this sale the sheriff had in his possession both assessment-rolls, — that of 1875 and that of 1876, — but he was collecting taxes under the latter.

In June, 1880, Stovall instituted an action of unlawful detainer against Sallie J. Connor, to recover the possession of the land bought by him as above stated. In the Circuit Court, to which the case was carried by appeal, a judgment was rendered in favor of the defendant, and the plaintiff sued out a writ of error.

*Jarnagin, Bogle & Jarnagin,* for the plaintiff in error.

1. There was no irregularity in the assessment for 1876. The assessment was made under the act of 1876, approved February 26th, on p. 257 of the Acts of 1876; but it is evident that that act was suspended by the act which took effect by limitation February 24, 1876, on p. 6 of the Acts of 1876, as appears by reference to the journal of the House of Representatives. The act of the 24th of February, though two days prior to that of the 26th of February, was intended, as the journal shows, to suspend it until the general revenue law should be passed; and we must look to this latter law for the time for returning and approving the assessment-roll of 1876. Sect. 76 of the general revenue law of 1876 provided that the

assessment-rolls for 1876 should be returned on the first Monday of August and approved on the first Monday of September, and this was done in Noxubee County in 1876.

2. If the assessment was irregular, the irregularity was not such as would vitiate the sale. Sect. 42 of an act of 1878 (p. 47 of the Acts of 1878) provides that " no such conveyance, [of land sold for taxes] as between the original parties or subsequent alienees, shall be invalidated, nor shall any defence be available against the title thus conveyed, in any court of this State, except by proof that the taxes had been paid or tendered, or were illegal in part, and that the legal tax due on said land had been paid or tendered." An irregularity in the assessment is not one of the available defences here specified. The sale can only be held invalid on the theory that the assessment was absolutely void. Such an irregularity as is alleged in this case does not render an assessment void. *Sivley* v. *Summers*, 57 Miss. 712.

3. But if the assessment of 1876 was absolutely void, still the assessment of 1875 was in force ; and, the roll thereof being in the hands of the sheriff at the time of this sale, the sale was valid. The assessment of 1875 had not been set aside nor the roll withdrawn from the sheriff at the time of the sale, and the Board of Supervisors had no power to do so, except by substituting a valid one in its stead, which they did not do. An assessment-roll in the hands of the sheriff has been held to have the effect of an execution in his hands. And where property is sold under several executions, if one be good, the sale will be valid, though all the others be irregular. *Banks* v. *Evans*, 10 Smed. & M. 35.

*R. G. & H. W. Rives*, for the defendant in error.

1. The act of February 26, 1876, required the Boards of Supervisors of this State either to correct the assessment-rolls of 1875, or to order a new assessment for the years of 1876, 1877, and 1878. The Board of Supervisors of Noxubee County elected to order a new assessment. The act referred to required the assessor to present the new assessment to the

Board of Supervisors on the first Monday of July, for them to act upon; and the failure to do this in Noxubee County rendered the assessment void. This act of February 26, 1876, could not be affected in any manner by the act of February 24th of the same year; and the act of April 15, 1876, in relation to revenue, had no reference to any assessment to be made before 1879. The validity of the assessment in question must be tested by the act of February 26, 1876.

2. It is the approval of the assessment-roll by the Board of Supervisors which gives it the validity of a judgment and authorizes a sale of land under it. But this judgment of the Board of Supervisors, like that of any other tribunal, if without notice, is void. The only notice provided in such case is the constructive notice which the statute gives of the time and place of meeting of the Board of Supervisors for the examination and adjudication of the assessment. If the board does not meet and pass upon the assessment-roll at the time and place of which notice is given by the statute, but at some other time and place, then there is no notice to any one of their proceedings, and their judgment rendered in such case is void. *McGehee* v. *Martin*, 53 Miss. 519; *Virden* v. *Bowers*, 55 Miss. 1; *Gamble* v. *Witty*, 55 Miss. 26; *Johnson* v. *Futch*, 57 Miss. 73; *Smith* v. *Nelson*, 57 Miss. 138; Blackw. on Tax-Tit. 208; Cooley on Tax. 265–267, 275.

3. Plaintiff in error cannot uphold the sale in this case by the fact that the sheriff had the assessment-roll of 1875 in his hands at the time of the sale. It is a sufficient answer to that proposition that the sale was made under the assessment of 1876, without reference to the assessment of 1875. But the act of February 26, 1876, recognizes the irregularities and errors in the assessment of 1875, and provides that it shall be set aside and a new one ordered, or that it shall only be valid after being corrected as therein provided.

CAMPBELL, J., delivered the opinion of the court.

The assessment of land in Noxubee County in 1876, by

order of the Board of Supervisors,, was subject to the provisions of the act entitled "An act to enable the Board of Supervisors of the several counties in this State to correct the assessment-roll of 1875," approved February 26, 1876 (Sess. Acts, 257 *et seq.*), as to the time when it should be presented by the assessor and be acted on by the board. Under that act it was the duty of the Board of Supervisors to meet on the first Monday of July, at which time the assessor was to present his assessment-roll, to be acted on by the board as required by law.

The Board of Supervisors of Noxubee County, in the exercise of the discretion conferred by the fourth section of the act cited above, ordered a new assessment of the land of that county; but, in making it, the act by virtue of which it was made was not conformed to as to the time when the assessment-roll was required to be returned by the assessor and acted on by the board.

The action of the board in ordering a new assessment was an abandonment of that of 1875, and although the assessment-roll of 1875 still existed in the hands of the collector, his proceeding in selling the land in controversy for taxes was under the assessment of 1876, and the validity of the sale must be tested by the assessment of the land made in 1876. It was not made in conformity to the law governing it. That law required the assessment-roll made in 1876 to be presented by the assessor to the Board of Supervisors for its action on the first Monday of July, 1876. It was not presented to the board at the time required, but was filed in the clerk's office on the first Monday of August, and considered and approved by the board on the first Monday in September, 1876, in accordance with the provisions of the general revenue law of April 15, 1876, which was inapplicable to it. The assessment of land contemplated by the last-mentioned act was that to be first made in 1879. *Selden et al.* v. *Coffee*, 55 Miss. 41.

The failure to present the assessment-roll to the Board of Supervisors on the first Monday of July, 1876, made it void, and all subsequent proceedings based on it illegal.

Judgment affirmed.