KATE MITCHUM *v.* DANIEL McINNIS, ET AL.

TAXES. *Assessment. Roll not presented at legal time. Sale.*
Where an assessment-roll which should have been presented to the Board of Supervisors on the first Monday of June, 1871, as required by the statute, (Acts 1871, p. 96) was not presented until the first Monday in September of that year, the assessment was void, and sales thereunder conferred no title upon the purchasers. *Stovall* v. *Conner,* 58 Miss. 138, cited.

APPEAL from the Circuit Court of Jasper County.

Hon. A. G. MAYERS, Judge.

By the act approved May 11, 1871. (Acts 1871, p. 96) the tax-assessor was required to return and file his assessment-roll for that year on the first Monday in June, 1871. The assessor of Jasper County did not return and file the assessment roll for 1871 until the first Monday in September of that year. Daniel McInnis and others, heirs at law of J. McInnis, deceased, brought this action of ejectment against the appellant to recover certain lands, to which they deraigned title from the United States. . The defendant claimed under a deed from the tax-collector of Jasper County, the land having been sold on the first Monday in June, 1874, for the unpaid taxes of 1873 upon the assessment of 1871 above referred to. Upon objection made by the plaintiff the court refused to admit the tax-collector's deed in evidence. The verdict and judgment were for the plaintiff and the defendant appealed to this court.

*Frank Johnston*, for the appellant. .

The whole theory of the law is that the failure of the assessor to complete and return an assessment-roll on the

---

---

day named does not render a list subsequently completed and approved, absolutely void. *Wolfe* v. *Murphy ante*, 1; *Gamble* v. *Witty*, 55 Miss. 28; *Virden* v. *Bowers*, 55 Miss. 1; *Fritch* v. *Johnson*, 51 Miss. 73; *Smith* v. *Nelson*, 57 Miss. 138.

*Huddleston & Nichols*, for the appellees.

The assessor having failed to present the assessment-roll for 1871 until September, and the law requiring that it should be presented on the first Monday in June, all levies and sales under it were illegal and void and no title passed to purchasers at tax-sales under it. *Virden* v. *Bowers*, 55 Miss. 1; *Jones* v. *Burford*, 26 Miss. 194.

COOPER, J., delivered the opinion of the court.

Because of the failure of the assessor to return the roll at the time prescribed by law the assessment was void and no title passed to a purchaser at a sale made for taxes levied under such assessment. *Stovall* v. *Connor*, 58 Miss. 138.

Judgment affirmed.