IRA C. HALE *v.* J. R. BOZEMAN.  ·

1. CHANCERY PRACTICE.    *Injunction against judgment at law.    Excess in judgment.    Re-trial.*

 Where the defendant in a judgment at law illegally rendered against him admits that the judgment is partly founded upon a just indebtedness, and claims that it is excessive merely, he is not entitled to restrain by injunction the collection of the judgment for the amount which he admits to be due.    But as to the alleged excess in the judgment the plaintiff therein should be required to retry his case, the injunction to be retained till the result is known, and the injunction-bond to stand as a security to the plaintiff for any amount which may be found due him, on such trial.

2. SAME.    *Injunction against judgment.    New trial.*

 In such case, the Chancery Court, having obtained jurisdiction by virtue of the injunction, should try the issue as to the amount of the debt, and make a final disposition of the case.

APPEAL from the Chancery Court of Panola County.

Hon. J. B. MORGAN, Chancellor.

I. D. Hall brought suit in a justice's court against J. R. Bozeman for the sum of $116. Process was duly served on Bozeman, but before the day of trial it was agreed between the plaintiff and defendant that the case should be submitted to arbitration, and that the suit should await the result of the arbitration. Before the arbitration had reached a result, the justice of the peace rendered a judgment by default for the full amount of the claim against the defendant. An execution was issued, and levied upon the property of the defendant, who sued out this injunction, alleging the above facts, and while admitting that a portion of the debt upon which the judgment was rendered was due, claimed that the judgment was excessive. The plaintiff in the judgment answered, proof was taken, and the chancellor rendered a decree, perpetually enjoining the collection of the judgment, and ordering a new trial at law. From this decree Hale appealed to this court.

*L. C. Standifer*, for the appellant.

The judgment at law was regularly taken by default against the defendant, and no fraud, accident, or mistake, is shown. In such case a court of chancery will not relieve against the judgment at law. *Marine Ins. Co. v. Hodson*, 7 Cranch, 332 ; *Smith* v. *McIver*, 9 Wheat, 532 ; *Miller* v. *Palmer*, 55 Miss. 323.

*No counsel* for the appellee.

COOPER, J., delivered the opinion of the court.

The appellee admits that a part of the sum for which the judgment was entered is justly due, and this amount he is not equitably entitled to restrain the appellant from collecting. It was error to perpetuate the injunction as to the whole debt. *McReynolds* v. *Harshaw*, 2 Ired. Eq. 29 ; *Lewis* v. *Smith*, 7 Beav. 470 ; *Rodahan* v. *Driver*, 23 Geo. 352 ; *Welch* v. *Parran*, 2 Gill, 320.

It is by no means clear on the record as it now appears, that

the appellee is not indebted to the appellant in the full sum for which judgment was rendered. At most, the appellant should be required to retry his right to the amount in excess of that admitted to be due by the appellee, and the injunction should be retained until the result is known. For any sum found due on such trial, the injunction-bond should stand as security to the appellant. The cause being now in chancery, we think the better practice is for that court to try the issue of the amount of the debt, and make a final disposition of the cause.

The decree is reversed and cause remanded.