Oscar G. McGuire et al. *v.* Union Investment Co. et al.

1. Assessment. *Failure to return.* Code 1892, § 3783.

     The provisions of code 1892, § 3783, that the failure of the assessor to return the assessment on the day named for its return shall not effect its validity, if approved, must be construed with the other provisions of the code on the subject, which constitute an harmonious scheme of assessments.

2. Same. *Case.* Code 1892, § 3785.

     So construed, the section does not validate an assessment where, the roll not being returned, the board of supervisors (no action having been taken at its July meeting) under code 1892, § 3785, undertook, on the first Monday of August, to extend the time for the return until the first Monday of September, and under such order it was filed August 17th, and approved by the board, without notice to the taxpayers, on the first Monday of September.

From the chancery court of Bolivar county.

Hon. A. H. Longino, Chancellor.

The appellants, McGuire and others, were complainants in the court below.    The Union Investment Company and others, appellees, were defendants there.    The object of the suit was to confirm complainants' tax title and to cancel the claims of defendants to the land as clouds upon the title.    The answers set up the defects in the assessment under which the tax sale was made, as shown in the opinion.    The decree of the court below adjudged the complainants' title void, dismissed the bill, but taxed defendants with the costs.    The complainants appealed to the supreme court and defendants prosecuted a cross appeal.    [The chapter on "Revenue," code 1892, became operative April 2, 1892.    See act of said date adopting the code (sec. 12).    Code 1892, p. 115.]

*Sillers, Jones & Owen,* for appellants and cross appellees.

The pivotal point in this case is whether an assessment roll filed or "returned" by the assessor on the eighteenth day of August, 1892, is sufficient to maintain a sale for taxes made thereunder, and, in so far as our research has extended, although often decided in cases coming up under the old codes in the negative, has never been passed upon by this tribunal in a case arising under the revenue chapter of the code of 1892. The code of 1880, under which the most recent decisions holding the assessment roll void unless filed on or before the first Monday of July were annunciated, was materially changed by the code of 1892 in such a manner as to unequivocally manifest the clear intention of the law-making power to effectually sweep away this ground of objection to the validity of a tax sale.    The code of 1880 provided for the delivery of the roll on or before the first Monday of July (§ 499), which provision is adopted in the code of 1892 (§ 3782), but in the former there is no such provision as that contained in the latter (§ 3783, code 1892), which reads: "The failure of the assessor to cer-

tify and swear to his assessment roll, or to return it on the day named for its return, shall not affect the validity of the assessment if approved by the board of supervisors or by operation of law." The record shows that the roll was duly approved on September 8, 1892. To avoid the disastrous effect of this statute, counsel for appellees labor hard in an effort to show that it is limited and controlled by provisions specifying the time of meeting of the board of supervisors and for the performance of specific acts. We shall not dignify their contention in this respect by an extended argument against it, but shall content ourselves by a reference to § 3848, code of 1892, a reading of which will conclusively show that the provisions relative to stated meetings are merely directory. This section is in part as follows: " If the board of supervisors fail to meet at the time appointed, it shall be convened by the president thereof as speedily as practicable for the discharge of the duties prescribed by this chapter." In the absence of proof the presumption will be indulged that the meetings of the boards of supervisors, at which the several orders copied in the record were made, were regularly called and held. *Morgan* v. *Blewitt*, 72 Miss., 903.

*Moore & Clark*, for appellees and cross appellants.

The failure to file the roll on the first Monday in July, 1892, rendered the assessment absolutely null and void, and took from the tax collector any and all right to sell the land for taxes. This assessment roll must be governed by the provisions of the revenue law of 1892. See § 3782 *et seq*. By reference to these sections, it will be seen, first, that the assessor is required to complete the assessment and deliver the roll to the clerk of the board of supervisors on or before the first Monday of July of each year. Section 3783 of the code provides that the failure to return the roll on the day named shall not affect the validity of an assessment, if approved by the board of supervisors or by the operation of law; but this sec-

tion must be read in connection with the whole law upon the subject, as well as the construction placed upon those laws by the decisions of this honorable court.

By looking at § 3784, it will be at once apparent that the time within which the assessment roll must be filed is limited and prescribed by law, and that, while the failure to complete and file the roll by the first Monday of July is not of itself fatal to the validity of the roll, still it must be completed and must be filed by a day not later than the first Monday in August; and, unless it is completed by the first Monday in August, or unless the board is satisfied that it can be completed by that time, then the old assessment must be abandoned, and the board must proceed to order an entirely new assessment of land. This is mandatory, and not discretionary with the board. Section 3784, code 1892; *Stovall* v. *Connor*, 58 Miss., 138.

The record of this case discloses the fact affirmatively that the assessment roll was not completed by the first Monday of July, 1892, and that it was impossible for the assessor to complete the roll by the first Monday of August of that year. No new assessment was ordered, but instead thereof the board continued to deal with an assessment which was dead in law, and at its September meeting, 1892, entered an order approving an assessment void in law, without notice to taxpayers to object, and which was of no effect whatsoever in authorizing the forced collection of tax by a sale of the lands, or otherwise. *Wolfe* v. *Murphy*, 60 Miss., 1; *Stovall* v. *Connor*, 58 Miss., 138; *Fletcher* v. *Trewalla*, 60 Miss., 963; *Mitchum* v. *McInnis*, 60 Miss., 945; *Davis* v. *Vanarsdale*, 59 Miss., 367; *Carlisle* v. *Chrestman*, 69 Miss., 392; *Carlisle* v. *Goode*, 71 Miss., 455; *Pearce* v. *Perkins*, 70 Miss., 276; *State* v. *Adler*, 68 Miss., 487; *Osburn* v. *Hide*, 68 Miss., 45; *Brothers* v. *Beck*, 75 Miss., 482.

Argued orally by *Fontaine Jones*, for appellants, and by *Fred Clark*, for appellee.

Woods, C. J., delivered the opinion of the court.

"The failure of the assessor to certify and swear to his assessment roll, or to return it on the day named for its return, shall not affect the validity of the assessment, if approved by the board of supervisors or by operation of law," is the language of § 3783, code of 1892. Under this section, it is contended, for appellant, that the failure to file the roll on or before the first Monday in July, 1892, and the further failure to file the roll on the first Monday in August of the same year, and a filing on August 17, under an order made by the board of supervisors allowing the assessor until first Monday in September, and its approval by the board of supervisors on that day, without opportunity to taxpayers to file objections thereto, does not invalidate the assessment. But this view is maintainable only when § 3783 is wrested from all the other provisions of the code, which constitute one whole, harmonious scheme of assessments.

Looking at the succeeding sections of the code on this subject, we find that, by § 3784, the board of supervisors, at its July meeting, may extend the time for the completion and return of the assessment until the first Monday in August, if it shall then, at the July meeting, be found that the assessor is capable and that good cause be shown for the failure to return the assessment roll at the July meeting. But this section then concludes: "This, however, shall not be done unless it be manifest to the board that the assessment will be completed within that time; otherwise, it shall proceed, under the next succeeding section, to order a new assessment."

Sec. 3785 requires the board of supervisors at its July meeting to examine the assessment rolls returned by the assessor and then determine if a new assessment be necessary; and if the assessor be found to be incapable, or if his assessment be found to be so imperfect that it ought not to be approved, the board may appoint some suitable person other than the assessor to make the assessment and return it as speedily as possible, and within such time as the board of supervisors may prescribe.

Sec. 3786 requires assessments made by a person, other than the assessor, appointed by the board for that purpose, to be returned, if practicable, by the first Monday in September, and when so made and returned, the board shall immediately assemble, receive, and examine the same, and appoint some early day to hear and determine objections thereto, and to publish notice thereof.

There are other sections constituting important parts of this one entire and harmonious scheme for making assessments; but those we have referred to are sufficient to show a total departure by the board, in this case, from the law applicable.

If the board of supervisors can, in the face of the plain requirements of the statute, extend the time for the completion and return of his assessment by a delinquent or incapable assessor until the first Monday in September, what will prevent its extending the time in a like case until November or December? And if the board can approve an assessment made, as the one in hand was, in utter violation of law, without appointing an early day to give taxpayers notice, in order that they may make objections, where shall the limit to its exercise of arbitrary power be drawn? There is a vast difference between a failure to return an assessment roll on the very day named for its return, followed by compliance on the board's part with all the other requirements of law, and a failure to return for two months, and an approval, without opportunity to taxpayers to make objections, on the very day fixed by the board's order for its return. The statute was designed to cure trifling and immaterial delay in returning the assessment, but surely not to authorize assessors to return and boards to approve at their unrestrained pleasure at any time. This question, in a case resting upon the same facts that are disclosed in the present appeal, was decided by us adversely to appellant's contention, in *Reinach* v. *New England Mortgage Security Co.*, at the spring term, 1898, of this court, but the case was then thought by us to be so plain as not to require a written opinion.

We are persuaded that the decree against the appellees for costs was the result of inadvertence, and the same is set aside and reversed and the appellants are taxed with the costs in the court below and here. With this trifling exception, the decree of the court below is

*Affirmed.*