JOHN R. HERNDON *v.* JAMES A. MAYFIELD.

1. TAX TITLE. *Assessment. Extension of time to complete. Judgment of supervisor's court. Code* 1892, §§ 3782, 3784.

 Where the assessor presented the assessment rolls in an incompleted form to the board of supervisors on the first Monday of July, the time fixed by law for their return (code 1892, § 3782), asking time within which to complete them, and the board entered an order (under code 1892, § 3782, defining its authority in such case), whereby it expressed the conclusion that the rolls would be completed by the first Monday of August, the time asked, and ordered that the assessor be allowed until that time within which to complete them, the order is not invalid because of a failure to set out the evidence as to the competency of the assessor to complete the rolls and his excuse for not having them completed on time.

2. SAME. *Code* 1892, § 1806. *Evidence. Code* 1892, § 3794.

 A tax title is *prima facie* evidence (code 1892, § 1806, so providing) that the assessment and sale of the lands were legal and valid, and this *prima facie* case is not overcome by showing that the board of supervisors, at its July term, extended time, until its August meeting, to the assessor (under code 1892, § 3784, authorizing such proceeding), to complete imperfect rolls, and that the minutes of the supervisors at the September term, at which the rolls should have been approved (code 1892, § 3784), were destroyed in part, and that the remaining portion does not show an approval, especially since code 1892, § 3794, where objection has not been filed, or, being filed, has been heard, provides for an approval by operation of law.

 FROM the chancery court of Monroe county.

 HON. HENRY L. MULDROW, Chancellor.

 Mayfield, the appellee, was the complainant in the court below; Herndon, appellant, was defendant there. The opinion of the court states the case.

 *Gilleylen & Leftwich,* for appellant.

 It is well established in this state that the board of supervisors is a court of limited jurisdiction, and all jurisdictional

facts must appear affirmatively on its record, else the presumption is against their existence. *Root* v. *McFerrin,* 37 Miss., 1; *Boliver v. Coleman,* 71 Miss., 832; *Lester* v. *Miller,* 76 Miss., 309.

The order of the board of supervisors granting time to the assessor within which to complete the assessment rolls is utterly void. The record nowhere shows jurisdictional facts. It does not show that the board investigated the competency of the assessor to complete the rolls, and it did not adjudge him competent to do so. The record does not show that the assessor had a good excuse, or any excuse whatever, for not having completed the rolls by the time fixed by law. There was no approval of the roll at any time by operation of law or otherwise. *McGuire* v. *Union Co.,* 76 Miss., 868; *Wolfe* v. *Murphy,* 60 Miss., 1.

Section 3794 of the code of 1892, providing that assessments may be approved by an order of the board entered on its minutes or in certain case by operation of law, cannot apply to assessments for the year 1892. To apply the statute to assessments of 1892 would be to give it a retroactive effect, which cannot be done. *Carlisle* v. *Good,* 71 Miss., 453.

*Walker & Tubb,* for appellee.

The tax deed was *prima facie* evidence of our clients right to the decree which he obtained. Code of 1892, § 1806; *Mixon* v. *Clevinger,* 74 Miss., 67. To overcome this *prima facie* case, the appellant contended that the assessment on which the tax sale is based was invalid. First, because the tax assessor did not complete and deliver the rolls to the supervisors on the first Monday in July, 1892; second, because, as he says, the supervisors extended time until the first Monday of August to the assessor to complete the assessment, and, third, because the minutes of the board of supervisors failed to show an approval of the assessment. The board of supervisors acted under § 3784, code of 1892, in extending the time to the assessor. The

law does not require that the evidence on which the board acted
should be made of record.   The order actually made, by neces-
sary implication, adjudges the assessor competent to complete
the roll, and further, in the same way, adjudges that a valid
excuse had been offered by the assessor for his failure to have
the rolls completed at the board's meeting.   The reasoning of
*Lester* v. *Miller,* 76 Miss., 309, does not apply to the case be-
fore the court.   The *prima facie* case made by the deed was not
overcome touching the question of the approval of the assess-
ment roll for two reasons: First, the assessment should have
been approved at the September meeting, and the entire
minutes of that meeting were not offered in evidence.   A part
of the minutes had been destroyed and there was nothing to
show the contents of the lost portion.   But beyond all this,
there is nothing to show that objections were made to the assess-
ment after it was completed, or that, if objections were made,
they were not heard, and by the provisions of the code,
§ 3784, the necessity of an order approving the rolls was dis-
pensed with, and the rolls in such case, if not affirmatively
approved by an order on the minutes of the board of super-
visors was approved by operation of law.

TERRAL, J., delivered the opinion of the court.

On the 2d day of March, 1896, the tax collector of Monroe
county sold to J. A. Mayfield, for the taxes due thereon, the N.
W. 1-4 of S. E. 1-4 of section 27, township 12, range 18 W.,
and conveyed the same to him.   After the period of redemption
expired, Mayfield filed his bill to confirm his tax title, to which
he exhibited the tax collector's deed to said land, and rested upon
the presumption arising therefrom, under § 1806, code 1892,
that the assessment and sale of land were legal and valid.   Hern-
don, in his answer, denied that the assessment roll upon which
said land was sold was legally made and returned to the board
of supervisors, or was approved by said board or by operation
of law.

1. Holmes, the tax assessor of Monroe county, on Wednesday, the 6th day of July, 1892, asked further time to complete the assessment rolls of said county, and the order on that subject says: "The board, after due consideration, being fully satisfied that said rolls will be completed in the time asked for, it is ordered by the board that said assessor have until the first Monday in August to complete and file said rolls, both real and personal." Counsel for appellee insists that this order of the board is void, because they say the jurisdiction of the board is special and limited, and its authority to extend the time for making and filing the assessment must appear upon the face of the proceeding, and, not so appearing, the order is void. The record discloses that the assessor, Holmes, did make and file the assessment roll of real estate within the time specified by the board, and the event fully vindicates their action in the matter. It was not necessary that the board should have set out in its order the grounds of its action, or the evidence of its judgment as to the competency of Holmes as assessor, or of his excuse for not having already completed the assessment. The order made by the board, in effect, decided both questions in his favor; that is to say, his capability of making the assessment, and the existence of a good cause for his failure to complete and return his assessment at the July meeting of the board. The decision of the court in McGuire v. Investment Co., 76 Miss., 868 (25 So. Rep., 367), that the attempted approval by the board of supervisors of the assessment roll, without giving taxpayers any time to object thereto, and at a time not authorized for the return of said assessment, was inoperative and void, does not, in our judgment, affect the question here before the court. The order of the board evinces its satisfaction in relation to the ability and diligence of the assessor; and that satisfaction, however acquired—whether by evidence before it, or by knowledge possessed by its members—authorized it to make the extension of time given to the assessor, and the order entered in the case is justified by its jurisdiction of the subject.

2. The record of the proceedings of the board of supervisors at its September meeting, when the assessment rolls should have been approved, does not show any action upon that subject, but it appears that a part of the record of the proceedings at that meeting is destroyed; and in this state of the proof the case was submitted to the chancellor. Chapter 116, code 1892, went into effect April 2, 1892, and § 3794 makes the want of an order approving or vacating an assessment to which objection has not been filed, or, being filed, has been heard, an approval of the assessment by operation of law. The tax collector's deed raised the presumption that the assessment roll had been approved by the board, or by operation of law, and the burden of proof fell to appellant to show that such approval had not been made. He has failed to meet this burden, and the decree is not erroneous.

*Affirmed.*