## JAMES W. BENNETT *v.* MELISSA MAXWELL.

TAX TITLES. *Assessment roll. Time for filing extended. Auditor of public accounts. Code* 1892, ₰ 3784.

    The auditor of public accounts has no power to extend the time for filing an assessment roll; this can be done only by the board of supervisors, under code 1892, § 3784, empowering the board in the premises.

FROM the chancery court of Lincoln county.

HON. HENRY C. CONN, Chancellor.

Mrs. Maxwell, appellee, was complainant in the court below; Bennett, appellant, was defendant there. From a decree in complainant's favor defendant appealed to the supreme court.

The bill was to cancel defendant's tax title as a cloud upon title to land. The land was sold on the first Monday in March, 1893, for the taxes of 1892, by the tax collector. The evidence in the case showed that the assessment roll, of which the tax sale was predicated, was not returned by the assessor on the first Monday of July, 1892, as required by law, code 1892, § 3782, but the auditor of the public accounts assumed to extend the time for filing and returning it until the first Monday in August, 1892.

*A. C. McNair,* for appellant.

The minutes of the board of supervisors, together with the other records of the chancery clerk's office, were destroyed by fire on November 6, 1893, and there is no evidence as to when the assessment roll of 1892 was delivered to the clerk of the board of supervisors, except the assessor's affidavit attached to the roll, made the first Monday of August, 1892. The fact that the roll was not completed and delivered to the clerk on the first Monday of July did not invalidate the assessment. It

was approved by the board by operation of law, such is the express provision of § 3783, code 1892. There is no evidence to show that the board did not, on the first Monday of September, 1892, approve the roll. There is nothing to show that objections were not filed to the assessment, and that the roll was not approved by operation of law. It affirmatively appears from the evidence that the tax collector executed a deed to the land to Bennett, and that it was burned, with the other records in the court house. This deed of conveyance is *prima facie* evidence that the assessment and sale of this land were legal and valid. Sec. 1806, code 1892.

This case is vastly different from *McGuire v. Union Investment Co.,* 76 Miss., 868. There the assessor did not file the roll either on the first Monday of July or on the first Monday of August, but on the 17th day of August, a day on which in no event was he authorized by law to file the roll. In the *McGuire Case,* this court says: "There is a vast difference between a failure to return an assessment roll on the very day named for its return, followed by compliance on the board's part with all the other requirements of the law, and a failure to return for two months, and an approval without an opportunity to taxpayers to make objections, on the very day fixed by the board's order for its return." The record in that case was not destroyed, and the party contesting the tax sale was able to disclose to the court the entire action of the board with reference to the roll, while here the record is undisclosed and the tax collector's conveyance is *prima facie* evidence of the validity of the assessment and sale. Appellee had not overturned the *prima facie* character of the tax conveyance. *Herndon* v. *Mayfield,* 79 Miss.. 533.


*P. Z. Jones,* for appellee.

The plan of the law is that the assessment of persons and property must be made between the first of February and July of each year; that the roll or rolls must be completed and re-

turned by the assessor on or before the first Monday of July; but, to provide for contingencies, the law declares that for cause shown, it appearing that the assessor is capable, the board may extend the time for returning the roll until the first Monday of August. However, the roll must be returned and filed on the first Monday of July, unless the board of supervisors adjudge (*a*) that good cause exists for the failure, and (*b*) that the assessor is capable of completing it by the first Monday of August. Code 1892, § 3771, 3782 *et seq.*

The right to file the roll at any other time other than the first Monday of July depends upon the will and consent of the board of supervisors, which must be evidenced by order placed on the minutes. *McGuire* v. *Union Investment Co.,* 76 Miss., 868; *Herndon* v. *Mayfield,* 79 Miss., 533.

It having been shown that the roll was not filed on the day named for its return, the burden was on appelants to show clearly that the roll was approved either by the board of supervisors or by operation of law, and he did not meet this burden.

CALHOON, J., delivered the opinion of the court.

We notice but one objection to the claim of tax title shown by this record, because that is decisive. It affirmatively appears here that the assessment roll was not filed on the first Monday of July, as it should have been, and that the extension of time to the first Monday in August, when it was filed, was granted by the auditor, who was without power to grant it. The board of supervisors only can extend the time.

*Affirmed.*