HUNTER *v.* BENNETT *et al.**

(Division A.   Jan. 16, 1928.)

[115 So. 204.   No. 25509.]

1. EVIDENCE.  *Oral testimony may not be offered to prove action of boards of supervisors who must speak through and by their minutes.*

   Boards of supervisors have special and limited jurisdiction, and oral testimony may not be offered to prove action of such boards, but they must speak through and by their minutes.

2. TAXATION.  *Where minutes of board of supervisors did not show granting of extension of time to file assessment roll, no legal extension was granted.*

   In order for extension of time for filing of assessment roll to be valid, it was necessary that minutes of board of supervisors show granting of such extension, and, in absence of such showing, no legal extension of time was granted.

3. TAXATION.  *Assessor's failure to file assessment roll within time prescribed made roll void, and tax sale based on such roll was void.*

   Failure of assessor to file his assessment roll within time prescribed by law made same void, and any levy of taxes or any tax sale based on such roll was absolutely void.

4. TAXATION.  *That board of supervisors approved assessment roll, not filed within proper time, did not make it valid (Annotated Code 1892, section 3783).*

   That board of supervisors approved assessment roll did not make it valid under Annotated Code 1892, section 3783, where roll was not filed within time prescribed by law.

5. TAXATION.  *Where pages following recapitulation were missing from assessment roll, presumption could not be indulged that it was filed within proper time, where it affirmatively appeared otherwise.*

Where it was shown that eleven pages immediately following recapitulation of assessments were missing from assessment roll, it could not be presumed that filing date showing that roll was actually filed at proper time appeared on such pages, and that roll was filed within proper time, where it affirmatively appeared that roll was not filed at meeting dealing with assessment roll.

6. TAXATION.  *Action of board of supervisors in approving assessment roll and levying taxes thereon at meeting at place other than courthouse was void.*

Action of board of supervisors in approving assessment roll and in levying taxes thereon at meeting held in chancery clerk's office in jail, which was not part of courthouse, nor connected therewith, instead of at courthouse, was absolutely void.

7. TAXATION.  *Where board of supervisors levied taxes at regular September meeting, not hearing objections to roll in accordance with notice given, but heard objections and approved rolls at adjourned meeting in another district, such procedure rendered tax sales thereunder void (Laws 1892, chapter 93, sections 11, 12).*

Where assessment roll was filed August 15th, notice was given that objections thereto would be heard by board of supervisors at regular September meeting, board met at Friar's Point in First district in Coahoma county on September 1st, and levied taxes, not hearing objections to roll at time, but adjourning to meet at Clarksdale in Second district on following day, where objections to rolls were heard and rolls then approved, this procedure constituted such total departure from Act February 19, 1892 (Laws 1892, chapter 93), sections 11, 12, and other laws concerning assessment of property and levying taxes thereon, as to render tax sales conducted thereunder totally void.

8. TAXATION.  *Approval of assessment rolls of First district at board's adjourned meeting in Second district of county was nullity (Laws 1892, chapter 93, sections 11, 12; Hemingway's Code 1927, section 3969).*

Where board of supervisors of Coahoma county adjourned from meeting in First district at Friar's Point to meet in Second district at Clarksdale, approval of assessment rolls of First district at adjourned meeting at Clarksdale was nullity, since Code 1906, section 298 (Hemingway's Code 1927, section 3969), does not

149 Miss.—24.

give board of supervisors power to adjourn to meet at any other place than that which is provided by law, and approval of roll outside of district in which land was situated was directly in conflict with Act February 19, 1892 (Laws 1892, chapter 93), sections 11, 12, dividing Coahoma county into two districts.

9. TAXATION. *Complainant in suit to quiet title not having good tax title could not recover whether defendants had title or not.*
Complainant in suit to quiet title and cancel claim of title asserted by defendants could not recover where tax sales under which he claimed title were void, whether defendants had title or not, since complainant must recover on strength of his own title.

---

*Corpus Juris-Cyc. References: Evidence, 22CJ, p. 1006, n. 66; Taxation, 37Cyc, p. 1064, n. 78; p. 1069, n. 20; p. 1096, n. 88; p. 1479, n. 88; p. 1488, n. 61.

APPEAL from chancery court of Coahoma county, Second district.

HON. C. L. LOMAX, Chancellor.

Suit to quiet title by C. W. Hunter against O. A. Bennett and others. Plaintiff's bill was dismissed, and he appeals. Affirmed.

*Watson & Jayne,* for appellant.

The courts have construed section 1643, Hemingway's Code many times and held that the presumption therein provided applied to the filing of a deed by the tax collector as required by law. *Wheller* v. *Ligon,* 62 Miss. 560. That the *prima-facie* character of the deed was not disturbed by the statement of the tax collector that "he did not see how he could have sold the tract of land at tax sale in the smallest subdivisions as required by law, unless he had a map of it, and that he did not remember to have had a map." *Mixon* v. *Clevinger,* 74 Miss. 67, 20 So. 148. That the *prima-facie* case provided by the statute was not overcome where the minutes of the board of supervisors have been destroyed, in part, by showing that the remaining portion shows no approval. *Herndon* v. *Mayfield,* 79 Miss. 533, 31 So. 103. An allegation

in the bill alleging a sale, and that the list of lands sold to the state at the time of the sale shows such a sale, and making the tax collector's deed an exhibit, make a case under the *prima-facie* character. *Smith* v. *Denny,* 90 Miss. 434, 43 So. 479.

As to filing and approval of assessment roll of 1892 it is submitted that the contention of the appellees, based on the cases used by them below, to-wit: *Harris* v. *State,* 72 Miss. 960, 1 So. 387, and *Sexton* v. *Coahoma County,* 86 Miss. 380, 38 So. 636, and the other cases cited in the brief invoke far too narrow a rule of construction. The broader rule adopted in *Johnson* v. *Board of Supervisors,* 113 Miss. 435, 74 So. 321, should be followed. Besides this, the very assessment roll in question in this cause, that of 1892, was held valid in the case of *Y. D. Investment* v. *Suddoth,* 70 Miss. 416, 12 So. 247.

As to presumption of validity of assessment roll, see section 3782, Code of 1892, brought forward from section 499, Code of 1880; section 3780, Code 1892 (section 500, Code of 1880). Section 3784 provides that the board of supervisors may extend the time for the making of the roll. By section 3787 failure to object to the roll precludes all persons from questioning its validity after its approval by the board of supervisors, or by operation of law. Section 3789 provides that if at the July meeting of the board of supervisors the completion of the assessment be extended until the first Monday in August, then the board shall perform the duties required of it by section 3788 at its meeting on the first Monday in September.

Under the facts, appellant earnestly urges that the application of section 3783, Code of 1892, effectively cures the objections made to the assessment roll of 1892, and that the evidence does not vitiate this assessment roll. This very assessment roll came in question in the case of *Y. D. Investment Company* v. *Suddoth,* 12 So. 246, and on pages 247 and 248, the court held that sections 80, 3788, 3791 and 3792, Code of 1892, mapped out the course

to be pursued in the making up and approval of the assessment roll, and the assessment roll was held valid, notwithstanding the board of supervisors had approved the roll as altered. That unless an objection was made and an appeal prosecuted from the assessment, as approved, the defendant was concluded by the roll as approved by the board. Appellee below relied on *Womack* v. *Central Lumber Company,* 131 Miss. 24, 94 So. 2. Appellant contends that this case does not conflict with the rule contended for by appellant. While the holding in *Stovall* v. *Conner,* 58 Miss. 138, is to the effect that a tax sale is invalid when the assessment roll was not returned within the time prescribed by law, that decision rested on the law as it existed prior to the Code of 1880, and section 500 of the Code of 1880 (section 3783, Code of 1892), provided that the failure of the assessor to return his roll on the day named by the board of supervisors was enacted for the purpose of curing the very defect in assessment rolls condemned in *Stovall* v. *Conner.* The fact that the assessment roll of 1892 is partially mutilated, by having eleven pages cut out of it immediately after the recapitulation, and where ought to follow the oath of the assessor and the time of the filing of the roll, as above pointed out, makes an incomplete record of the making up of the roll, from and out of which the court cannot say that it speaks for itself, and does not show that it was filed in time. *Herndon* v. *Mayfield,* 31 So. 104.

*Maynard, FitzGerald & Venable,* for appellees.

This is a suit brought by complainant to confirm and quiet his title and to cancel the claim of title of defendants to said land. There is no difference of opinion between complainant's attorneys and defendants' attorneys that the settled law of Mississippi is, in cases of this character, complainant must recover, if at all, upon the strength of his own title, whether the defendants have title or not. *Hart* v. *Bloomfield,* 66 Miss. 100;

*Hale* v. *Neilson*, 112 Miss. 291; *Gilchrist-Fordney Co.* v. *Keyes et al.*, 113 Miss. 742. The complainant claims title under three tax sales, one made to the State of Mississippi by the tax collector in March, 1893, and two made by the tax collector to Jennie Oliver on April 6, 1914. "In a suit to confirm a tax title, the burden is upon the complainant to establish the validity of his own title for confirmation before the title of the defendant can come in question." *Robert* v. *Lewis*, 119 Miss. 628. See, also, *Eastman-Gardner Co.* v. *Barnes*, 95 Miss. 721; *Mayson* v. *Banks*, 59 Miss. 447; *Clymer* v. *Cameron*, 55 Miss. 593; and other authorities cited under section 6965, Hemingway's Code.

The minutes alone must show what action the board of supervisors, whose jurisdiction is limited, took when they found the assessor had failed to return the roll as required by law. *Root* v. *McFerriss*, 37 Miss. —; *Bolivar* v. *Coleman*, 71 Miss. 832; *Lester* v. *Miller*, 76 Miss. 309. See as to assessment roll, *Womack* v. *Central Lumber Co.*, 131 Miss. 214; *Smith* v. *Nelson*, 57 Miss. 138; *Pearce* v. *Perkins*, 70 Miss. 280; *Bennett* v. *Maxwell*, 82 Miss. 72; *Seals* v. *Perkins*, 96 Miss. 704; *Brothers* v. *Beck*, 75 Miss. 487; *Nitchum* v. *McInnis*, 60 Miss. 945; *Fletcher* v. *Trewaller*, 60 Miss. 965; *Carlisle* v. *Chrestman*, 69 Miss. 392.

*Herndon* v. *Mayfield*, 79 Miss. 533, does not militate against this position of ours. The point made in that case was that the order of the board was void because the jurisdiction of the board is special and limited and therefore the order should have set out the evidence in the case which induced the board to extend the time to the assessor. The court held that that was not required. The court did not overrule the decision of *McGuire* v. *Investment Company*, 76 Miss. 868, which does apply to the case at bar. The court did say, however, in the Herndon case, that where the proceedings of the board of supervisors at its September meeting when the assessment rolls should have been approved, does not show any action upon that question, but it appears that a part

of the record of the proceedings at that meeting is destroyed, that then in that state of proof the tax collector's deed raised the presumption that the assessment roll had been approved by the board or by operation of law and the burden of proof fell to the appellant to show that such approval had not been made. This mutilation of the proceedings of the board of supervisors is quite a different thing from that of cutting out some blank leaves from the back of an assessment roll, complete even to the recapitulation. That act does not approve that roll by operation of law. We do not understand what counsel for appellant means, by making that point. If parts of the assessments on the roll were mutilated (as was not—a fact seen by the chancellor) that would not raise a presumption that the roll was filed at the time required by law. The board had to act on the roll at the July meeting, and besides by positive testimony it was shown not to have been filed.

The levy of taxes at a place not authorized by law has been held void in the following cases: *Johnson* v. *Futch,* 57 Miss. 73; *Gambell* v. *Witty,* 55 Miss. 26; *Bank* v. *Lewis,* 64 Miss. 727.

Counsel states "the broader rule" adopted in *Johnson* v. *Board of Supervisors of Yazoo County* should be followed. It was not "a rule adopted" in those cases, but the construction of a statute, and that construction under a particular state of facts, the same as the case at bar, has become "a rule," viz.: "a rule of property." *Baker* v. *Columbia Bank,* 112 Miss. 819; *Lumber Co.* v. *Moss,* 119 Miss. 185. We have carefully read the Johnson case and if there is anything in it that militates against the Harris case and the Sexton case, we have been unable to find it.

An assessment roll is not filed until it is delivered to the clerk of the board of supervisors for the purpose of being permanently left in his office. *Mullins* v. *Shaw,* 77 Miss. 900. Our court said in *McGuire* v. *Union Co.,* 75 Miss. 872, that an assessment roll filed as this one was void. See, also, *Smith* v. *Nelson,* 57 Miss. 138.

The board of supervisors were not authorized by the act dividing the county into two districts to approve the land roll for the first district at its meeting held in the second district. The act dividing the county into two districts expressly says so. This question came up for adjudication in the case of *Yazoo Delta Investment Co.* v. *Suddoth,* 70 Miss. 416.

*Green, Green & Potter,* for appellee, filed learned brief but dealing with points found not necessary to be dealt with by court in its opinion, since ruling of lower court affirmed on other grounds.

Argued orally by *H. C. Watson,* for appellant, and by *Garner W. Green,* for appellee.

McGOWEN, J.   The appellant, C. W. Hunter, filed his bill in the chancery court of Coahoma county, the purpose of which was to quiet title to lots of land in sections 5 and 8, township 26, range 7 west, in said county. Attached to the bill was Exhibit A, which might be termed an abstract of title, and which, in our opinion, constitutes a deraignment of title.

In the court below, upon an answer denying the allegations of the bill filed by the defendants O. A. Bennett and others, the complainant's title to the land was put in issue. Especially is the title based upon tax sales growing out of an assessment of taxes for the year 1892 and an assessment of taxes for the year 1913, the complainant having acquired title by virtue of these assessments from and as a direct result of a sale of the lands for taxes.

The court below dismissed the bill on two grounds, only one of which will be considered by·us, as the complainant's title depends upon the validity of the assessments above mentioned; the court holding that complainant acquired no title by virtue of the several tax sales. As to said tax sales, for convenience, and in order that this opinion may be more readily understood, we set out

the facts which we think necessary, in connection with the several points presented as to the validity or invalidity of said sales.

1.  As to the tax title acquired from a sale of these lands in 1893 conceding that they were in the state of Mississippi, and that the chancery court of Coahoma county had jurisdiction, which we do not decide, two propositions were presented: (a) Whether or not the assessment roll was void, because not filed according to law; and (b) whether or not the assessment roll was void, because received and approved, and the taxes thereon levied, at a meeting held at a place other than the courthouse.

The meeting of the board of supervisors of Coahoma county, which dealt with this assessment roll, was held on the first Monday of July, 1892, in the chancery clerk's office at Friar's Point, and at that time the said chancery clerk's office was located in the jail building, which was not connected with the courthouse, was some little distance away, just outside the courthouse lot, and not thereon.

The minutes of the board of supervisors at this meeting are silent as to the filing of the assessment roll, and the chancellor was warranted in finding, from the testimony of Chatters and others, that the assessment roll was not filed at that time, and it was shown orally that the time was extended to the assessor to file the roll at the August meeting of the board.

In August the minutes are silent as to the filing of the assessment roll.

At the September meeting an order appears on the minutes of the board reciting that the assessment rolls of the county, as "heretofore presented," be approved.

The testimony affirmatively shows that the assessment roll for the first district of Coahoma county was not filed on the first Monday of July, 1892, nor was there any extension of time entered on the minutes at that meeting.

Boards of supervisors have a special and limited juris-
diction, and oral testimony may not be offered to ap-
prove the action of such boards. Boards of supervisors
must speak through and by their minutes. In order for
an extension of time to be valid, it was necessary that
the minutes should show the granting of such extension,
and, in the absence of such showing, no legal extension
of time was granted. The failure of the assessor to file
his roll within the time prescribed by law makes it a void
or dead roll within the meaning of the law, and any levy
of taxes or any tax sale based on such roll is absolutely
void. See *Stovall* v. *Conner,* 58 Miss. 138; *Mitchum* v.
*McInnis,* 60 Miss. 945; *Fletcher* v. *Trewalla,* 60 Miss. 965;
*Carlisle* v. *Chrestman,* 69 Miss. 392, 12 So. 257.; *Pearce*
v. *Perkins,* 70 Miss. 276, 12 So. 205; *Brothers* v. *Beck,* 75
Miss. 486, 22 So. 944; *McGuire* v. *Union Investment Co.,*
76 Miss. 868, 25 So. 367; *Bennett* v. *Maxwell,* 82 Miss. 70,
34 So. 226; *Seals* v. *Perkins,* 96 Miss. 704, 51 So. 806,
52 So. 584.

Counsel for appellant, however, argues that the prin-
ciple laid down, *supra,* and the cases cited therein, are
inapplicable, because any irregularity in the filing and
approval thereof has been cured by the provisions of
section 3783 of the Code of 1892, which reads as follows:

"The failure of the assessor to certify and swear to
his assessment roll, or to return it on the day named for
its return, shall not affect the validity of the assessment
if approved by the board of supervisors, or by operation
of law."

The fact that the board of supervisors, at its Septem-
ber meeting, approved the roll, does not make it valid.
The cases cited above were, for the major part, decided
before the adoption of the Code of 1892, yet the corre-
sponding section in the Code of 1880, being section 500
thereof, is exactly the same as that in the Code of 1892,
except that in the latter section the concluding words are
"or by operation of law." The addition of these words
did not cure the invalidity, for the reason that the as-

sessment roll was approved by the board and not by operation of law. Therefore the cases cited, *supra,* are applicable.

This is obvious, but in the case of *McGuire* v. *Union Investment Co.,* 76 Miss. 868, 25 So. 367, it was held that the view contended for by appellant was "maintainable only when section 3783" was "wrested from all the other provisions of the Code, which constitute one whole; harmonious scheme of assessments." The court further said in that case:

"There is a vast difference between a failure to return an assessment roll on the very day named for its return, followed by compliance on the board's part with all the other requirements of law, and a failure to return for two months, and an approval, without opportunity to taxpayers to make objections, on the very day fixed by the board's order for its return. The statute was designed to cure trifling and immaterial delay in returning the assessment, but surely not to authorize assessors to return and boards to approve at their unrestrained pleasure at any time." See, also, *Womack* v. *Central Lbr. Co.,* 131 Miss. 201, 94 So. 2.

Appellant also insists that it is shown that eleven pages immediately following the recapitulation of the assessments were missing from the assessment roll, and that there was therefore an incomplete record of the making thereof; that on these pages there might have appeared the filing date of the roll showing it to have been filed in time, and that it must be now presumed that such filing date appeared therein, and that the roll was actually filed at the proper time, citing, in support thereof, the case of *Herndon* v. *Mayfield,* 79 Miss. 533, 31 So. 104.

For several reasons, that case does not apply. There it was a portion of the record of the proceedings of the board of supervisors of the meeting at which the roll was to have been approved that was destroyed. The remaining portion did not show any action on the part of the

board approving the roll, nor was there any proof offered showing that the roll had not been approved. And, in that case, the tax collector's deed created a presumption that the assessment roll had been approved, and, since there was no evidence to show that it had not been approved, it was necessarily held that the presumption controlled.

In the instant case, however, it affirmatively appears that the roll was not filed at the July meeting, and therefore the presumption cannot be indulged, and necessarily yields to the proof.

2. The record shows, without contradiction, that the July and September meetings of the board of supervisors were not held "at the courthouse," but were held in the chancery clerk's office in the jail, which was not part of the courthouse, nor connected therewith. Since this is true, the action of the board of supervisors in approving the roll and in levying taxes thereon was absolutely void. *Harris* v. *State,* 72 Miss. 960, 18 So. 387, 33 L. R. A. 85; *Sexton* v. *Coahoma County,* 86 Miss. 380, 38 So. 636.

Appellant urges the case of *Johnson* v. *Yazoo County,* 113 Miss. 435, 74 So. 321, stating that therein is set forth a broader and better rule; but said case is not in conflict with the *Harris* and *Sexton cases, supra,* for the reason that the Johnson case was decided after the statute had been amended so as to permit boards of supervisors to meet either at the courthouse or in the chancery clerk's office, and, obviously, the statute was amended to meet the announcement of this court in the *Harris* and *Sexton cases, supra.*

For these reasons, the tax sales to the state in the year 1893, under the assessment made, and the taxes levied for the year 1892, were absolutely void, and the state acquired no title thereby, and consequently Hunter acquired no title thereunder.

As to sales based upon the assessment roll of 1913, the board of supervisors of Coahoma county met in the First district at Friar's Point on the first Monday of

July, 1913, and then and there an order was passed extending the time within which the assessor could file his roll to the first Monday of August, 1913. The regular August meeting was held at Clarksdale, and the board, being unable to finish the business before it, adjourned to meet at Friar's Point on Monday, August 11, 1913, for the purpose of inspecting and accepting the land roll of the county. There is nothing on the minutes, at the regular August meeting showing that the roll had, at that time, been filed by the assessor. The roll itself shows that the assessor made the affidavit thereon on August 11, 1913, and that it was filed by the clerk on August 15, 1913. At the adjourned August 11th meeting, however, at Friar's Point, an order appears on the minute book reciting that the land rolls which "were heretofore filed in the office of the clerk in Clarksdale in the Second district of said county on the first Monday of August" be accepted. It also appears from the minutes that the board ordered that notice of the filing of the roll be made, and that objections would be heard thereto at the next meeting of the board.

At the September meeting of the board of supervisors at Friar's Point taxes were levied. An order was thereupon put upon the minutes adjourning the board to meet in Clarksdale on the next day for the purpose of examining the rolls of the assessor and hearing objections thereto. On September 3d, pursuant to this order, an adjourned meeting was held in Clarksdale, where the assessment rolls were approved.

The Act of February 19, 1892, sections 11 and 12, chapter 93, dividing Coahoma county into two districts, provides that the assessor shall file two rolls, one at Friar's Point in the First district, and the other at Clarksdale, in the Second district. It also provides that the board of supervisors at the proper meeting in each district shall approve such part of the roll as relates to the property in that district; the board in each case acting as if the rolls related to different counties. If the recital in

the minutes of the board of supervisors at its August 11th adjourned meeting be taken as true, then the roll was not filed according to the provisions of the statute dividing the county into two districts, because that order recited that the roll was filed at Clarksdale.

If, however, the date of the filing of the roll, as shown by the roll itself, controls, not only is there doubt as to where the roll was filed, but it also conclusively appears that the roll was not filed until fifteen days after the date prescribed by the order of the board of supervisors granting the assessor an extension of time within which to file his roll. The tax sales, therefore, would have been made under the following circumstances: The roll being filed on August 15th, notice was given that objections thereto would be heard by the board at its regular September meeting. The board met on September 1st, and levied the taxes, not hearing objections to the roll, however, at that time, but adjourning to meet at Clarksdale on the following day, where objections to the rolls were heard, and the rolls then approved. This procedure constituted such a total departure from the requirements of law concerning the assessment of property and the levying of taxes thereon as to render any tax sales conducted thereunder totally void. This case is similar in its facts to that of *McGuire* v. *Union Investment Co.,* 76 Miss. 868, 25 So. 367, which case is controlling here.

There is another reason why these tax sales were void. The Act of February 19, 1892, provided that the board of supervisors of Coahoma county should hold its meetings alternately, meeting first at Friar's Point in the First district, and then at Clarksdale, in the Second district. The regular September, 1913, meeting was held in Friar's Point on Monday, the first day of the month. The board did not, at that meeting, approve the assessment roll, but adjourned to meet in Clarksdale on the 3d day of the month, and at that adjourned meeting the roll was approved.

In the case of *Smith* v. *Nelson,* 57 Miss. 138, this court held that the boards of supervisors have no power to adjourn to a time not appointed by law, and any levy of taxes made at such adjourned meeting is void, and that a sale thereunder passes no title. The court in that case said, among other things, as follows:

"Our boards of supervisors are partly legislative and partly judicial in their character. They are judicial as to their times of meeting, that is to say, their terms are fixed by law, duration limited, and the mode of calling special terms carefully prescribed by statute. . . . They have no more power to adjourn by resolution or order from one term to a day intermediate between the day of adjournment and their next regular meeting, than the Supreme, the circuit, or the chancery courts have."

Since the decision of that case, section 298 of the Code of 1906 (section 3969, Hemingway's 1927 Code), has been enacted, which provides that board of supervisors may adjourn to meet at a certain time. However, this statute does not give them the power to adjourn to meet at any other place than that which is provided by law. The reasoning of the court in *Smith* v. *Nelson, supra,* is therefore applicable to this case, and the adjourned meeting held at Clarksdale was void, because the board could not adjourn from the First district to meet in the Second district, and pass upon the rolls of the First district. It was at this adjourned meeting at Clarksdale, in the Second district, that the rolls were approved, and, under the special act dividing the county of Coahoma into districts, the approval of the roll outside of the district in which the land was situated was a nullity, because made directly in conflict with that act.

The case of *Yazoo Delta Investment Co.* v. *Suddoth,* 70 Miss. 416, 12 So. 246, is conclusive of this proposition; the court in that opinion saying that:

"It is too clear for contention that the action of the board at its meeting at Friar's Point was a nullity in so far as it related to the assessment of the lands sit-

uated in the Second district, and its direction to the clerk to change the roll of that district afforded no authority to him so to do. The act of the board and of its clerk were equally unlawful, and constituted nothing more than a spoliation of the roll as returned by the assessor.''

It follows that we think these tax sales were essential in the state of this record to the validity of complainant's title. That being true, and having ascertained that the tax sales were void, and this being a suit brought by complainant to quiet his title and cancel the claim of title asserted by the defendants herein, the complainant must recover upon the strength of his own title, whether the defendants have title or not. *Hart* v. *Bloomfield,* 66 Miss. 100, 5 So. 620; *Hale* v. *Neilson,* 112 Miss. 291, 72 So. 1011; *Gilchrist-Fordney Co.* v. *Keyes,* 113 Miss. 742, 74 So. 619; *Robert* v. *Lewis,* 119 Miss. 628, 81 So. 481.

We do not deem it necessary to go into the other questions decided by the chancellor, as this is conclusive of the issue here presented.

*Affirmed.*